PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036-4039
(212) 858-1000
Frederick A. Brodie (FB 6429)

2300 N Street, NW
Washington, DC 20037-1122
(202) 663-8000
Christine N. Kearns (*Pro Hac Vice* pending)

Attorneys for Defendant
Schroders plc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BLACKROCK, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCHRODERS PLC,<br><br>　　　　　Defendant. | 07 CV 3183 (PKL)<br>ECF CASE ELECTRONICALLY FILED |

**OPPOSITION TO PLAINTIFF'S MOTION FOR**
**EXPEDITED DISCOVERY AND HEARING ON PRELIMINARY INJUNCTION**

Pursuant to the Order to Show Cause filed April 20, 2007, defendant Schroders plc respectfully submits this opposition to the request by Plaintiff BlackRock, Inc. ("BlackRock") for expedited discovery and the determination of a hearing date for Schroders plc to show cause why a preliminary injunction should not issue.

As set forth below and in Schroders plc's Motion to Dismiss filed herewith,[1] BlackRock's request should be denied in its entirety because this Court lacks personal jurisdiction over Schroders plc.  Further, even if this Court had jurisdiction, the case should be dismissed on the ground of *forum non conveniens*.  Notably, BlackRock's request for expedited discovery seeks to depose more than ten individuals in Germany and the UK.  No depositions in the United States are requested.

While BlackRock devotes much of its Memorandum of Law in Support of its Order to Show Cause arguing for a preliminary injunction, it has put the cart before the horse.  BlackRock should not be allowed to proceed in this Court at all, much less schedule a hearing on a preliminary injunction against conduct in Germany and accelerate the normal discovery process in order to take depositions in Europe, where the case should have been brought in the first place.

## SUMMARY OF ARGUMENT

The Court should deny BlackRock's motion for two reasons.

First, this case should be dismissed because this Court lacks personal jurisdiction over Schroders plc.  As courts in the Second Circuit have held, defendants should not be subjected to expedited discovery if personal jurisdiction has not been established.

Second, BlackRock's request should be denied on the ground of *forum non conveniens*.  BlackRock's filing of this lawsuit in this Court, rather than in Germany, is a transparent and impermissible attempt to take advantage of U.S. discovery procedures in a foreign dispute.

Finally, no preliminary injunction hearing should be scheduled.  No such hearing is necessary because the case should be dismissed.

---

[1] The contents of Schroders plc's Memorandum in Support of its Motion to Dismiss, and the affidavits and supporting materials filed therewith are incorporated herein by reference.

# ARGUMENT

## I.

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY SHOULD BE DENIED BECAUSE OF LACK OF PERSONAL JURISDICTION

As explained more fully in Schroders plc's Motion to Dismiss, this Court lacks personal jurisdiction over Schroders plc, which is a U.K. holding company that does not transact business in the United States. Those arguments will not be repeated here, but are incorporated by reference.

Because it has not even established that personal jurisdiction exists over Schroders plc, BlackRock should not be allowed to take expedited discovery in this matter. There is "merit to the contention that this court should not subject a party to expedited discovery before personal jurisdiction over the party has been obtained." Maldonado v. Pataki, CV-05-5158 (SLT) (VVP), 2005 U.S. Dist. LEXIS 36924, at * 5 (E.D.N.Y. Dec. 7, 2005). This Court has denied expedited discovery in cases where the defendant has raised unresolved personal jurisdiction issues. See Don King Prods., Inc., v. Hopkins, 04 Civ. 9705 (PKL), 2004 U.S. Dist. LEXIS 25917, at * 5 (S.D.N.Y. Dec. 23, 2004) (denying motion for expedited discovery where defendants, among other reasons, "maintain[ed] that they should not be forced to engage in expedited discovery because both personal and subject matter jurisdiction may be lacking") (Leisure, D.J.). Expedited discovery on the merits should therefore be denied unless and until BlackRock is able to establish that the New York courts would have personal jurisdiction over Schroders plc.

3

**II.**

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY SHOULD BE DENIED ON THE GROUND OF FORUM NON CONVENIENS**

Even if this Court had personal jurisdiction over Schroders plc, this case must be dismissed based on *forum non conveniens*, for the reasons described in detail in Schroders plc's Motion to Dismiss. This basis for dismissal is likewise incorporated fully herein.

Expedited discovery should not be permitted while a motion to dismiss based on *forum non conveniens* is pending. Before subjecting the defendant to the burdensome discovery requirements of this forum (which has no connection to the dispute), the Court should first rule on what forum is the proper to hear this case, which involves the departure of six German employees from one German company to another German company. Rather than granting BlackRock's request for expedited U.S.-style discovery, therefore, the Court should dismiss this action in favor of proceedings in the German courts. See Ente Nazionale Indrocarburi v. Prudential Sec. Group., Inc., 744 F. Supp. 450 (S.D.N.Y. 1990) (denying as moot plaintiff's motion for expedited discovery and granting defendant's motion to dismiss on *forum non conveniens* grounds and for failure to join an indispensable party).

**III.**

**PLAINTIFF'S MOTION FOR THE COURT TO SET A HEARING DATE FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED**

This Court should not even consider scheduling a hearing until it resolves the fundamental questions of whether the case should be dismissed for lack of personal jurisdiction or, in the alternative, on the ground of *forum non conveniens*. To set a hearing date for a preliminary injunction makes no sense until those issues are resolved. Once they are, Schroders plc is confident that no hearing will be necessary.

## **CONCLUSION**

For these reasons, and those set forth in the Motion to Dismiss, BlackRock's request for this Court to allow expedited discovery and set a hearing date for a preliminary injunction should be denied.

Dated: May 7, 2007                              Respectfully Submitted,


                                                     /s/ Frederick A. Brodie
                                                Frederick A. Brodie (FB 6429)
                                                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                1540 Broadway
                                                New York, New York 10036-4039
                                                (212) 858-1000

                                                Christine N. Kearns (*Pro Hac Vice* pending)
                                                PILLSBURY WINTHROP SHAW PITTMAN LLP
                                                2300 N Street, N.W.
                                                Washington, D.C. 20037-1128
                                                (202) 663-8000

                                                Attorneys for Defendant Schroders plc