Jay S. Berke  (JB 6500)
A Member of the Firm
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BLACKROCK, INC.,

                            Plaintiff,

                - against -

SCHRODERS PLC.

                         Defendant.

07 Civ. 3183 (PKL)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF BLACKROCK, INC.'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF PLAINTIFF'S ORDERS TO SHOW
<u>CAUSE FOR EXPEDITED DISCOVERY AND PRELIMINARY INJUNCTION</u>**

# Table of Contents

ARGUMENT ............................................................................................................1

EXPEDITED DISCOVERY ON THE MERITS OF THE PRELIMINARY
INJUNCTION  AND ON JURISDICTION AND CONVENIENT FORUM
ISSUES SHOULD PROCEED IMMEDIATELY AND NOT BE DENIED OR
DELAYED BY DEFENDANT'S MOTION TO DISMISS THE COMPLAINT ..............1

A.      Expedited Discovery Should Not Be Delayed Or Fragmented ...............................1

B.      There Is Personal Jurisdiction Over Defendants Under C.P.L.R. 301 ....................3

C.      There Is Personal Jurisdiction Over Defendants Under C.P.L.R. 302 ....................4

D.      This Court Is The Convenient Forum For The Instant Dispute ..............................6

CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

## CASES

Bulova Watch Co. v. K. Hattori & Co., 508 F. Supp. 1322 (E.D.N.Y. 1981).....................4

Calavo Growers v. Belgium, 632 F.2d 963 (2d Cir. 1980)....................................9

Don King Prods., Inc. v. Hopkins, 04 Civ. 9705  2004 U.S. Dist. LEXIS 25917
       (S.D.N.Y. Dec. 23, 2004)...........................................................................1

Dubied Machinery Co. v. Vermont Knitting Co., Inc., 1992 WL 142044
       (S.D.N.Y. June 3, 1992)............................................................................3

Ente Nazionale Idrocarburi v. Prudential Sec. Group., Inc., 744 F. Supp. 450
       (S.D.N.Y. 1990)........................................................................................9

Four Seasons Solar Products Corp. v. Solarium Systems, Inc., No. 86 CV 3468,
       1987 WL 4818 (E.D.N.Y. May 6, 1987) ...................................................5

Georgiadis v. First Boston Corp., No. 90 Civ. 7672 (PLK), 1994 WL 39229
       (S.D.N.Y. July 27, 1994) .........................................................................9

Hartford Fire Insurance Co. v. Evergreen Organization, Inc., 410 F. Supp. 2d 180
       (S.D.N.Y. 2006)........................................................................................7

Haugh v. Schroders plc, No. Civ. 600651/03 (N.Y. Sup. Ct. Nov. 24, 2003) ....................2

In Re Chase Manhattan Corp. Secur. Litigation, 1991 WL 79432 (S.D.N.Y. May
       7, 1991) ...................................................................................................2

Iragorri v. United Tech. Corp., 274 F.3d 65 (2d Cir. 2001) ...............................8

Kirch v. Liberty Media Corp., No. 04 Civ. 667(NRB), 2006 WL 3247363
       (S.D.N.Y. 2006)........................................................................................7

Maldonado v. Pataki, VC-05-5158 (SLT) (VVP), 2005 U.S. Dist. Lexis 36924
       (E.D.N.Y. Dec. 7, 2005) ..........................................................................2

Manufacturing Technology, Inc. v. Kroger Co., No. 06 Civ. 3010(JSR), 2006 WL
       3714445 (S.D.N.Y. Dec. 13, 2006)..........................................................6

Moran v. Flaherty, No. 92 Civ. 3200 (PKL), 1992 WL 276913 (S.D.N.Y. Sept.
       25, 1992) .................................................................................................2

i

R. Maganial & Co. v. M.G. Continental Hotels Corp., 224 F.3d 167 (2d Cir. 1991) ...........................................................................................................6

Sybron Corp. v. Wetzel, 385 N.E.2d 1055 (N.Y. 1978) ......................................6

Treppel v. Biovail Corp., No. 03 Civ. 3002 (PLK), 2004 WL 2339759 (S.D.N.Y. 2004) ...........................................................................................................3

Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117 (2d Cir. 1984) .......................................................................................................4

Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir. 2000) ...........................4, 6, 7

World Film Services, Inc. v. RAI Radiotelevisione Italiana S.p.A., No. 97 Civ. 8627 (LMM), 1999 WL 47206 (S.D.N.Y. Feb. 3, 1999) ................................9

## STATUTES

F.R.C.P. 12(b)(2) ..............................................................................................3

C.P.L.R. Section 301..................................................................................4, 5, 6

Plaintiff BlackRock, Inc. ("BlackRock"), respectfully submits this Reply Memorandum Of Law In Support Of Plaintiff's Orders To Show Cause For Expedited Discovery And Preliminary Injunction which seek commencement of expedited discovery immediately, and the setting of a hearing date in June, 2007 for issuance of a preliminary injunction preventing Defendant Schroders plc ("Schroders") from employing Plaintiff's resigned Managing Director, or inducing him or other BlackRock executives to violate covenants and fiduciary duties prohibiting them from soliciting BlackRock's personnel and disclosing its confidential information.  The preliminary injunction is needed because Defendant has induced Mr. Kussner to violate these covenants and duties and has announced that it will begin employing Mr. Kussner in July, 2007 and the preliminary injunction is therefore urgently needed prior to July 1, 2007.

## ARGUMENT

### EXPEDITED DISCOVERY ON THE MERITS OF THE PRELIMINARY INJUNCTION AND ON JURISDICTION AND CONVENIENT FORUM ISSUES SHOULD PROCEED IMMEDIATELY AND NOT BE DENIED OR DELAYED BY DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

A.     Expedited Discovery Should Not Be Delayed Or Fragmented

This Court should reject Defendant's contention that immediate expedited discovery on all the issues relating to the issuance of a preliminary injunction should be denied, or by inference delayed, until the Court considers Defendant's motion to dismiss.  The instant case is materially distinguishable from this Court's decision in Don King Prods., Inc. v. Hopkins, 04 Civ. 9705 (PLK), 2004 U.S. Dist. LEXIS 25917, at *5 (S.D.N.Y. Dec. 23, 2004), because there was no prejudice to plaintiff King by denying discovery until the Court could consider the motion to dismiss for lack of personal jurisdiction.  By comparison, in the instant case, Plaintiff would be severely prejudiced by denying or delaying expedited discovery, because merits discovery is

necessary to fully establish Defendant's wrongdoing for the preliminary injunction. Any delay would effectively render expedited merits discovery impossible to complete before a late June preliminary injunction hearing and Mr. Kussner's July hiring date. Discovery in this matter should not be fragmented. The very same deponents, the leaders of Defendant in London, who improperly induced Mr. Kussner's conduct, also possess knowledge of Defendant's control and integrated activities with its New York based subsidiaries, which will ultimately prove jurisdiction and convenience of this forum. Therefore, "the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." Id. Similarly Maldonado v. Pataki, VC-05-5158 (SLT) (VVP), 2005 U.S. Dist. Lexis 36924, at *5 (E.D.N.Y. Dec. 7, 2005), also relied on by Defendant, applied the test of whether prejudice from denial of expedited discovery "looms greater," a test clearly requiring expedited discovery here.

Merits "discovery should not be routinely stayed [or denied] simply on the basis that a motion to dismiss has been filed." Moran v. Flaherty, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) (Leisure, J.) quoting In Re Chase Manhattan Corp. Secur. Litigation, 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991). Defendant has established a modus operandi of improperly seeking to mask the reality of the vast business it does in the United States and in New York, by a confusing morass of subsidiaries controlled by Defendant and by depicting itself as merely "a holding company" which owns a number of operating subsidiaries. Compare the Supplemental Affidavit of Francis Neate, dated December 4, 2003 submitted by Defendant in Haugh v. Schroders plc, No. Civ. 600651/03 (N.Y. Sup. Ct. Nov. 24, 2003) (attached as Attachment 12 to the Reply Affirmation of Jay S. Berke dated May 8, 2007 ("Berke Aff.")) to the Declaration of Howard Trust dated May 2, 2007 in this matter. In Haugh,

2

the court rejected this tactic, denied Defendant's jurisdictional motion to dismiss, permitted

discovery, and observed:

> in view of the confusing and contradictory allegations
> regarding the identity of Schroders plc itself, much less its
> activities in New York and through New York entities, it is
> impossible, at this juncture, for the court to determine
> whether jurisdiction can be asserted over Schroders plc.

To pierce this confusing morass, Plaintiff submits the Berke Aff., which reveals repeated

admissions, by Defendant and its subsidiaries, that Defendant is much more than merely a

holding company and does business in the United States and New York through its control of

and activities with its New York and London based subsidiaries doing business here.  (Berke Aff.

¶¶ 8-22).

B.    There Is Personal Jurisdiction Over Defendants Under C.P.L.R. 301

Whereas here, the motion is partly made by Defendant pursuant to F.R.C.P. 12(b)(2) for

alleged absence of personal jurisdiction, Plaintiff's initial burden is to defeat the motion to

dismiss "based on legally sufficient allegations of jurisdiction over the defendant." Treppel v.

Biovail Corp., No. 03 Civ. 3002 (PLK), 2004 WL 2339759, at *4 (S.D.N.Y. 2004) (Leisure, J.).

Nevertheless, the allegations in the Complaint herein, as further amplified by the Affidavit of

Robert P. Connolly, dated April 19, 2007, and the Berke Aff., already go far beyond a mere

"prima facie showing of [personal] jurisdiction" over Defendant, Dubied Machinery Co. v.

Vermont Knitting Co., Inc., 1992 WL 142044, at *2 (S.D.N.Y. June 3, 1992) (Leisure, J.), and

establish substantial probability that Defendant's 12(b)(2) jurisdictional and 12(b)(6) forum non

conveniens motion will fail.

Personal jurisdiction over Defendant is already shown based on the Complaint's

allegation and the evidence already offered that Defendant is doing billions of dollars of business

3

in New York through its control over, interlocking directors, executives and managers, and

substantial integrated activities with its Third Avenue, Manhattan based subsidiaries (Schroders

Investment Management North America, Inc. and Schroder Fund Advisors Inc.), and its London

subsidiary (Schroders Investment Management North America, Ltd.), who engage in managing

assets of United States and New York based investors and who direct or actually make trades on

New York's securities exchanges for the accounts of such investors. "[U]nder New York law, a

foreign corporation is subject to general personal jurisdiction in New York if it is 'doing business'

in the state" under C.P.L.R. Section 301. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95

(2d Cir. 2000) (doing business jurisdiction particularly appropriate where defendants "chose to

locate offices in Manhattan to establish easy access to New York's rich market of potential

customers," noting that "New York is widely regarded as the capital of U.S. capital markets.")

See Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 120 (2d Cir.

1984) (foreign corporation doing business in New York based on ownership, control, and

integrated activities of New York based subsidiary); Bulova Watch Co. v. K. Hattori & Co., 508

F. Supp. 1322, 1333 (E.D.N.Y. 1981) (Weinstein, J.) (holding foreign corporate defendant doing

business in New York and recognizing the "absurd[ity]" if "our courts could not obtain

jurisdiction over a billion dollar multinational which is exploiting the critical New York and

American markets...").

C.    There Is Personal Jurisdiction Over Defendants Under C.P.L.R. 302

Personal jurisdiction is alternatively established under C.P.L.R. Section 302 because

Defendant's tortious acts in London and Germany injured Plaintiff in New York. On the facts

here, Defendant exploited Mr. Kussner, the Country Head of Plaintiff BlackRock's German and

Austrian operations, who did not report down through Plaintiff's German subsidiary, but reported

4

up through BlackRock's system, ultimately to BlackRock in New York. The disruption caused by the improper solicitation of directors and other key employees of a BlackRock regional operation in Europe, whose clients place assets with Plaintiff, not merely its German subsidiary, to be managed and invested by investment advisors in Manhattan and Plainsboro New Jersey, disrupts Plaintiff and damages its reputation and goodwill in the United States and New York and globally.

The confidential information Defendant has taken and already used was Plaintiff's in New York. The wide range of confidential information which Mr. Kussner had access to was Plaintiff's in New York. The confidentiality and employment policy which Mr. Kussner violated, due to Defendant's conduct, was drafted in New York and is a contract with Plaintiff, which by its precise terms is directly for Plaintiff's benefit and protection, in its global asset management business, including in New York. Mr. Kussner's fiduciary duties, violated due to Defendant's conduct, were to Plaintiff as its Managing Director. Mr. Kussner's repudiation of his obligations was therefore a rejection of obligations owed directly to Plaintiff, and Mr. Kussner now claims freedom to solicit additional employees away from Plaintiff for Defendant and disclose additional confidential information of Plaintiff to Defendant.

These injuries are to Plaintiff in New York and will be injuries to Plaintiff in New York going forward. Accordingly, this Court has jurisdiction pursuant to C.P.L.R. Section 302, as well as Section 301, to preliminarily enjoin conduct to remedy and prevent such past and future injuries. As discussed by the court in Four Seasons Solar Products Corp. v. Solarium Systems, Inc., No. 86 C 3468, 1987 WL 4818, at *3 (E.D.N.Y. May 6, 1987), in relying on and quoting the New York Court of Appeals decision in Sybron Corp. v. Wetzel, 385 N.E.2d 1055, 1058 (N.Y. 1978):

5

> a tort need not 'already have [even] been committed for jurisdiction
> to be available under the statute' [referring to C.P.L.R. Section
> 302(a)(3)]...to hold that the plaintiff had to show a completed tort
> would mean that the section 'would never be usable by a plaintiff
> seeking anticipatory injunctive relief.' It was thus enough that the
> facts gave 'rise to the probable inference that there is a conscious
> plan to engage in unfair competition and misappropriation of trade
> secrets.'

See Manufacturing Technology, Inc. v. Kroger Co., No. 06 Civ. 3010(JSR), 2006 WL 3714445,

at *2 (S.D.N.Y. Dec. 13, 2006) (Rakoff, J.) ("because plaintiff (and its intellectual property) is

based in New York, the injury from the alleged trade secret theft is felt within New York State

no matter where the theft took place.")

D.    This Court Is The Convenient Forum For The Instant Dispute

       Because Plaintiff, headquartered in New York, has chosen to file the instant action in this

Court, the "plaintiff's choice of forum is entitled to deference" and "forum non conveniens

dismissal is only permissible where the relevant considerations 'tilt [] strongly in favor of trial in

the foreign forum.'" Wiwa, 226 F.3d at 101 quoting R. Maganial & Co. v. M.G. Continental

Hotels Corp., 224 F.3d 167 (2d Cir. 1991). Plaintiff acquired its operations in Germany as part

of a worldwide acquisition transaction with Merrill Lynch Investment Management which was

negotiated and closed in New York. Now, Defendant has used illegal means to begin taking the

German operations purchased by Plaintiff BlackRock in the New York transaction.

       Defendant has wrongfully induced breaches of the employee nonsolicit and

confidentiality provisions of the BlackRock confidentiality and employment policy, which was

drafted in New York and agreed to in connection with employment offered to Mr. Kussner by

virtue of the New York transaction. At BlackRock, Mr. Kussner was a Managing Director of

BlackRock, he regularly traveled or communicated to BlackRock in New York and was privy to

BlackRock's worldwide confidential information emanating from New York. Plaintiff's conduct

has caused and will continue to cause injury in New York. Therefore, here, "[w]hile any plaintiff's selection of a forum is entitled to deference, that deference increases as the plaintiff's ties to the forum increase." Wiwa, 226 F.3d at 101.

Defendant's reliance on Kirch v. Liberty Media Corp., No. 04 Civ. 667(NRB), 2006 WL 3247363 (S.D.N.Y. 2006), is misplaced. Kirch found that Germany was an available forum even though Germany's pleading and discovery procedures were far more limited that those in the S.D.N.Y., and because the defendant in Kirch agreed to submit itself to German jurisdiction. But Germany is not clearly an available forum in the instant matter, because here immediate expedited discovery is necessary for a preliminary injunction hearing and determination prior to July 1, 2007. Given that timing, a transfer to Germany now will not work. Plaintiff filed for the instant Order to Show Cause on April 20, 2007, originally seeking the instant hearing for the week of April 23. Defendant's New York counsel, Pillsbury Winthrop appeared on April 20, and consented to the entry of the original order to show cause to obtain additional time to respond which, in light of the Court's schedule, resulted in a May 9 hearing. Having utilized the instant forum for its convenience, Defendant should be estopped from now arguing for another forum. Also Defendant cannot buttress its forum transfer argument by contending that personal jurisdiction is lacking because the previous appearance of its counsel contravenes that contention. See Hartford Fire Ins. Co. v. Evergreen Org., Inc., 410 F. Supp. 2d 180, 183-84 (S.D.N.Y. 2006) (appearance by counsel opposing provisional relief waived party's objection to jurisdiction).

Even assuming arguendo that Germany was an available forum, that would not carry the day for Defendant because it still must establish the inconvenience of the S.D.N.Y. to override the court's deference to Plaintiff's appropriate choice of forum. In Kirch, the plaintiffs and

defendants were German residents or entities. Therefore, little or no deference was given to the plaintiff's choice of forum because "a foreign resident's choice of appropriate forum should receive less consideration," as "a plausible likelihood exists that the selection was made for forum shopping reasons." Iragorri v. United Tech. Corp., 274 F.3d 65, 71 (2d Cir. 2001). Here, the above detailed connections of Plaintiff and the matters in this case to New York establishes the validity and good faith of this choice of forum.

By contrast, Defendant, is improperly forum shopping through its motion. As the foreign plaintiffs in Kirch were deemed to be forum shopping because they chose the United States to litigate, Defendant wants Germany for this litigation, even though it is a foreign defendant there, and even though its Manhattan offices serve its vast United States operations, one of Defendant's "three key international investment centres." See Berke Aff. Att. 4 at p. 12. Defendant is experienced in conveniently litigating in the United States and by virtue of her motion for admission pro hac vice, Christine N. Kearns, Esq., who has "managed substantially all United States litigation for Schroders plc and its United States subsidiaries over the past five years" will represent Defendant. See Affidavit of Christine N. Kearns, dated May 1, 2007, at p.2.

This "court[] should be mindful...that defendants...may move for dismissal under the doctrine of forum non conveniens not because of genuine concern with convenience, but because of...forum shopping reasons." Iragorri, 274 F.3d at 75. That some events took place in Germany, that there are choice of law issues, that some witnesses may be deposed in Germany, and that some documents may need to be translated, do not mean the Plaintiff's forum choice of this Court should be overridden. There are also New York (e.g. Mr. Connolly) and London witnesses (e.g. the officials of Defendant, not its subsidiaries, who actually perpetrated the wrongs here). The major German witnesses, Mr. Kussner and the other BlackRock Directors

and key employees he solicited, are now aligned in interest with Defendant and it should be presumed, will appear on Defendant's behalf.  Defendants' documents are in English and would have to be translated for a German court.  And the German court as well must make choice of law decisions.  As this Court has recognized, "it will often be quicker and less expensive to transfer a witness or a document that to transfer a lawsuit," Georgiadis v. First Boston Corp., No. 90 Civ. 7672 (PLK), 1994 WL 39229, at *3 (S.D.N.Y. July 27, 1994) (Leisure, J.) citing Calavo Growers v. Belgium, 632 F.2d 963, 969 (2d Cir. 1980), and with regard to choice of law, "the traditional ...doctrine of lex loci delicti" will give way where, as here, many New York contacts and interests in this matter have and will be demonstrated.  Similarly, World Film Services, Inc. v. RAI Radiotelevisione Italiana S.p.A., No. 97 Civ. 8627 (LMM), 1999 WL 47206, at *9 n.4 (S.D.N.Y. Feb. 3, 1999), distinguishes Ente Nazionale Idrocarburi v. Prudential Sec. Group., Inc., 744 F. Supp. 450 (S.D.N.Y. 1990), relied upon by Defendant, and makes clear that the instant forum has sufficient interests in protecting the rights of the Plaintiff domiciliary herein, as opposed to Ente where Italy was the convenient forum because the defendant was an Italian government entity.  Accordingly, it is substantially probable that Defendant's forum non conveniens motion will fail.

## CONCLUSION

This Court should execute the Order to Show Cause commencing expedited discovery immediately and the Order to Show Cause establishing a June 2007 hearing date for the issuance of a preliminary injunction against Defendant Schroders.

Dated: New York, New York
     May 7, 2007

                Jay S. Berke  (JB 6500)
                A Member of the Firm
                SKADDEN, ARPS, SLATE,
                   MEAGHER & FLOM LLP
                Four Times Square
                New York, New York 10036
                Phone: (212) 735-3000
                Fax:    (212) 735-2000
                Attorneys for Plaintiff