Legal Name of Affiliate:
SCHRODER INVESTMENT MANAGEMENT JAPAN LTD.

Primary Business Name of Affiliate:
SCHRODER INVESTMENT MANAGEMENT JAPAN LTD.

Affiliate is (check only one box):
⦿ Investment Adviser
○ Broker - Dealer
○ Dual (Investment Adviser and Broker-Dealer)

Affiliated Investment Adviser's SEC File Number (if any)
801-

Affiliate's CRD Number (if any):

---

Legal Name of Affiliate:
SCHRODER INVESTMENT MANAGEMENT HONG KONG LTD.

Primary Business Name of Affiliate:
SCHRODER INVESTMENT MANAGEMENT HONG KONG LTD.

Affiliate is (check only one box):
⦿ Investment Adviser
○ Broker - Dealer
○ Dual (Investment Adviser and Broker-Dealer)

Affiliated Investment Adviser's SEC File Number (if any)
801-

Affiliate's CRD Number (if any):

---

Legal Name of Affiliate:
SCHRODER INVESTMENT MANAGEMENT AUSTRALIA LTD.

Primary Business Name of Affiliate:
SCHRODER INVESTMENT MANAGEMENT AUSTRALIA LTD.

Affiliate is (check only one box):
⦿ Investment Adviser
○ Broker - Dealer
○ Dual (Investment Adviser and Broker-Dealer)

Affiliated Investment Adviser's SEC File Number (if any)
801-

Affiliate's CRD Number (if any):

Legal Name of Affiliate:
SCHRODER FUND ADVISORS INC.

Primary Business Name of Affiliate:
SCHRODER FUND ADVISORS INC.

Affiliate is (check only one box):
○ Investment Adviser
◉ Broker - Dealer
○ Dual (Investment Adviser and Broker-Dealer)

Affiliated Investment Adviser's SEC File Number (if any)
801-

Affiliate's CRD Number (if any):
24129

Legal Name of Affiliate:
NEW FINANCE CAPITAL LLP

Primary Business Name of Affiliate:
NEW FINANCE CAPITAL LLP

Affiliate is (check only one box):
◉ Investment Adviser
○ Broker - Dealer
○ Dual (Investment Adviser and Broker-Dealer)

Affiliated Investment Adviser's SEC File Number (if any)
801- 65898

Affiliate's CRD Number (if any):
136438

Section 7.B. Limited Partnership Participation or Other Private Fund Participation

You must complete a separate Schedule D Page 4 for each limited partnership in which you or a *related person* is a general partner, each limited liability company for which you or a *related person* is a manager, and each other private fund that you advise.

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
SCHRODER CREDIT RENAISSANCE FUND, LP

Name of General Partner or Manager:
CRP LLC AND SCHRODER INVESTMENT MANAGEMENT NORTH AMERICA INC.

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 1000000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 56354848

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
SCHRODER CREDIT RENAISSANCE FUND, LTD

Name of General Partner or Manager:
CRP LLC AND SCHRODER INVESTMENT MANAGEMENT NORTH AMERICA INC.

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 1000000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 277970731

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
SCHRODER CAPITAL MANAGEMENT COLLECTIVE TRUST

Name of General Partner or Manager:
SCHRODER INVESTMENT MANAGEMENT INC.

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
☒ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund? ☒ Yes
○ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 250000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 1361000000

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
SCHRODER JAPANESE LONG/SHORT FUND LIMITED

Name of General Partner or Manager:
SCHRODER INVESTMENT MANAGEMENT NORTH AMERICA INC

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
☒ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund? ☒ Yes
○ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 1000000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 57000000

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
OPUS FUND LIMITED

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 100000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 885565978

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
OPUS FIXED INCOME FUND LIMITED

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 100000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 737986404

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
OPUS EQUITY FUND LIMITED

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 100000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 67144943

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
OPUS CREDIT FUND LIMITED

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 100000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 70902159

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
OPUS COMMODITIES FUND LIMITED

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 100000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 495491763

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
OPUS FIXED INCOME FUND, L.P.

Name of General Partner or Manager:
OPUS CAYMAN LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 1000000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 41184369

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
DUO LIMITED

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
⦿ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
⦿ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 100000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 255443372

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
REYL (IRELAND) ALTERNATIVE STRATEGIES PLC

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
⦿ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
⦿ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 100000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 41359876

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
SAIF DIVERSIFIED

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 5000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 456170568

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
SAIF LONG/SHORT GLOBAL

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund?  ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 5000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 188084321

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
SASF DIVERSIFIED

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund? ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 30000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 77609811

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
SCHROVEST

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
◉ Yes  ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund? ○ Yes
◉ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 0

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 231476333

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
OPUS MACRO

Name of General Partner or Manager:
NEW FINANCE (CAYMAN) LIMITED

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
⦿ Yes ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund? ○ Yes
⦿ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 100000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 66888452

Name of Limited Partnership, Limited Liability Company, or other Private Fund:
SCHRODER INVESTMENT PORTFOLIOS, L.P.

Name of General Partner or Manager:
SCHRODER INVESTMENT MANAGEMENT NORTH AMERICA INC.

If you are registered or registering with the SEC, is this a "private fund" as defined under SEC rule 203(b)(3)-1?
⦿ Yes ○ No

Are your *clients* solicited to invest in the limited partnership, limited liability company, or other private fund? ⦿ Yes
○ No

Approximately what percentage of your *clients* have invested in this limited partnership, limited liability company, or other private fund?
0%

Minimum investment commitment required of a limited partner, member, or other investor:
$ 250000

Current value of the total assets of the limited partnership, limited liability company, or other private fund:
$ 37557456

Section 10 *Control Persons*

You must complete a separate Schedule D Page 4 for each *control person* not named in Item 1.A. or Schedules A, B, or C that directly or indirectly *controls* your management or policies.

No Information Filed

Schedule D - Miscellaneous

You may use the space below to explain a response to an Item or to provide any other information.

REGISTRANT HAS A SUPPLEMENTARY LIST OF RELATED ADVISERS WHO ARE NOT LISTED IN SECTION 7.A BECAUSE, AMONG OTHER THINGS, THEY DO NOT PROVIDE ADVISORY SERVICES TO US PERSONS AND THEY DO NOT CONDUCT JOINT OPERATIONS WITH REGISTRANT. A COPY OF THE LIST WILL BE PROVIDED UPON REQUEST.

# FORM ADV

OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: SCHRODER INVESTMENT MANAGEMENT NORTH AMERICA INC | IARD/CRD Number: 105820 |
|---|---|
| | Rev. 02/2005 |

Form ADV, DRPs

### CRIMINAL DISCLOSURE REPORTING PAGE (ADV)

No Information Filed

### REGULATORY ACTION DISCLOSURE REPORTING PAGE (ADV)

No Information Filed

### CIVIL JUDICIAL ACTION DISCLOSURE REPORTING PAGE (ADV)

No Information Filed

# FORM ADV

OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| | |
|---|---|
| **Primary Business Name:** SCHRODER INVESTMENT MANAGEMENT NORTH AMERICA INC | **IARD/CRD Number:** 105820 |

**Rev. 02/2005**

Form ADV, Signature Page

DOMESTIC INVESTMENT ADVISER EXECUTION PAGE

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial application for SEC registration and all amendments to registration.

Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint the Secretary of State or other legally designated officer, of the state in which you maintain your *principal office and place of business* and any other state in which you are submitting a *notice filing*, as your agents to receive service, and agree that such *persons* may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding* or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded*, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of the state in which you maintain your *principal office and place of business* or of any state in which you are submitting a *notice filing*.

Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having custody or possession of these books and records to make them available to federal and state regulatory representatives.

| | |
|---|---|
| Signature:<br>CARIN MUHLBAUM | Date: MM/DD/YYYY<br>03/30/2007 |
| Printed Name:<br>CARIN MUHLBAUM | Title:<br>GENERAL COUNSEL |
| Adviser *CRD* Number:<br>105820 | |

## *NON-RESIDENT* INVESTMENT ADVISER EXECUTION PAGE

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial application for SEC registration and all amendments to registration.

### 1. Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint each of the Secretary of the SEC, and the Secretary of State or other legally designated officer, of any other state in which you are submitting a *notice filing*, as your agents to receive service, and agree that such *persons* may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding*, or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded*, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of any state in which you are submitting a *notice filing*.

### 2. Appointment and Consent: Effect on Partnerships

If you are organized as a partnership, this irrevocable power of attorney and consent to service of process will continue in effect if any partner withdraws from or is admitted to the partnership, provided that the admission or withdrawal does not create a new partnership. If the partnership dissolves, this irrevocable power of attorney and consent shall be in effect for any action brought against you or any of your former partners.

### 3. *Non-Resident* Investment Adviser Undertaking Regarding Books and Records

By signing this Form ADV, you also agree to provide, at your own expense, to the U.S. Securities and Exchange Commission at its principal office in Washington D.C., at any Regional or District Office of the Commission, or at any one of its offices in the United States, as specified by the Commission, correct, current, and complete copies of any or all records that you are required to maintain under Rule 204-2 under the Investment Advisers Act of 1940. This undertaking shall be binding upon you, your heirs, successors and assigns, and any *person* subject to your written irrevocable consents or powers of attorney or any of your general partners and *managing agents*.

### Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the *non-resident* investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having custody or possession of these books and records to make them available to federal and state regulatory representatives.

| Signature: | Date: MM/DD/YYYY |
|---|---|
| Printed Name: | Title: |

Adviser *CRD* Number:
105820

---

### State Registered Investment Adviser Execution Page

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial application for state registration and all amendments to registration.

#### 1. Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint the legally designated officers and their successors, of the state in which you maintain your *principal office and place of business* and any other state in which you are applying for registration or amending your registration, as your agents to receive service, and agree that such persons may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding*, or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is founded, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of the state in which you maintain your *principal office and place of business* or of any state in which you are applying for registration or amending your registration.

#### 2. State-Registered Investment Adviser Affidavit

If you are subject to state regulation, by signing this Form ADV, you represent that, you are in compliance with the registration requirements of the state in which you maintain your principal place of business and are in compliance with the bonding, capital, and recordkeeping requirements of that state.

#### Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having *custody* or possession of these books and records to make them available to federal and state regulatory representatives.

| Signature | Date MM/DD/YYYY |
|---|---|
| CRD Number<br>105820 | |
| Printed Name | Title |

TAB 6

OMB APPROVAL

| OMB Number: | 3235-0049 |
| Expires: | July 31, 2008 |
| Estimated average burden hours per response | 9.402 |

# FORM ADV (Paper Version)
## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Form ADV:  General Instructions |
| --- |

Read these instructions carefully before filing Form ADV. Failure to follow these instructions, properly complete the form, and pay all required fees may result in your filing being returned to you. Electronic filers should follow the instructions available on-line, which are different.

In these instructions and in the form, "you" means the investment adviser (i.e., the advisory firm) applying for registration or amending its registration. If you are a "separately identifiable department or division" (SID) of a bank, "you" means the SID, rather than your bank, unless the instructions or the form provide otherwise. Terms that appear in *italics* are defined in the Glossary of Terms to Form ADV.

**1.     Where can I get more information on Form ADV, electronic filing, and the IARD?**

The SEC provides information about its rules and the Advisers Act on its website: <http://www.sec.gov/iard>.

NASAA provides information about state investment adviser laws and state rules, and how to contact a *state securities authority*, on its website:  <http://www.nasaa.org>.

NASD provides information about the IARD and electronic filing on the IARD website: <http://www.iard.com>.

**2.     What is Form ADV used for?**

Investment advisers use Form ADV to:

- Register with the Securities and Exchange Commission
- Register with one or more *state securities authorities*
- Amend those registrations

**3.     How is Form ADV organized?**

Form ADV contains three parts:

- Part 1A asks a number of questions about you, your business practices, the *persons* who own and *control* you, and the *persons* who provide investment advice on your behalf. All advisers registering with the SEC or any of the *state securities authorities* must complete Part 1A.

  Part 1A also contains several schedules that supplement Part 1A. The items of Part 1A let you know which schedules you must complete.

- ○ Schedule A asks for information about your direct owners and executive officers.
- ○ Schedule B asks for information about your indirect owners.
- ○ Schedule C is used by paper filers to update the information required by Schedules A and B (see Instruction 14).
- ○ Schedule D asks for additional information for certain items in Part 1A.
- ○ Disclosure Reporting Pages (or "DRPs") ask for details about disciplinary events involving you or *persons* affiliated with you. (These are considered schedules too.)

- Part 1B asks additional questions required by *state securities authorities*. Part 1B contains three DRPs. If you are applying for registration or are registered only with the SEC, you do not have to complete Part 1B. (If you are filing electronically and you do not have to complete Part 1B, you will not see Part 1B.)

- Part II is your current brochure. You must continue to amend your brochure, deliver it to prospective *clients*, and annually offer it to current *clients*. *See* rule 204-3. You are not required to file amendments to Part II with the SEC.

**Note:** The SEC has proposed to amend Part II of Form ADV. These changes, proposed as Part 2, have not been adopted at this time. Until the Commission adopts Part 2, the current brochure requirements are in effect, except that you are no longer required to file amendments to Part II with the Commission. *See* rule 204-3.

### 4.    When am I required to update my Form ADV?

You must amend your Form ADV each year by filing an *annual updating amendment* within 90 days after the end of your fiscal year. When you submit your *annual updating amendment*, you must update your responses to all items.

In addition to your *annual updating amendment*, you must amend your Form ADV by filing additional amendments (other-than-annual amendments) promptly if:

- information you provided in response to Items 1, 3, 9, or 11 of Part 1A or Items 1, 2.A. through 2.F., or 2.I. of Part 1B become inaccurate in any way;

- information you provided in response to Items 4, 8, or 10 of Part 1A or Item 2.G. of Part 1B become materially inaccurate; or

- information you provided in your brochure becomes materially inaccurate.

If you are submitting an other-than-annual amendment, you are not required to update your responses to Items 2, 5, 6, 7, or 12 of Part 1A or Items 2.H. or 2.J. of Part 1B even if your responses to those items have become inaccurate. If you are amending Part II, do not file the amendment with the SEC.

**Failure to update your Form ADV, as required by this instruction, is a violation of SEC rule 204-1 and similar state rules and could lead to your registration being revoked.**

## 5.    Are there changes to the Part II requirements?

The rules for preparing, delivering and offering Part II have not changed. You can still satisfy these requirements by delivering Part II or a brochure containing at least the information contained in Part II. If you are using Part II, you can continue to use Schedule F as a continuation sheet. If you check "yes" to Item 14 of Part II, prepare and file a balance sheet following instructions in Schedule G. The balance sheet information must be distributed to *clients* as part of your written disclosure statement (regardless of whether you use Part II or a brochure).

If you are an SEC-registered adviser, however, you no longer have to file Part II with the SEC. Instead, you must keep a copy in your files, and provide it to SEC staff upon request. You must update the information in your Part II whenever it becomes materially inaccurate. You can do this by substituting pages, or by affixing a "sticker" replacing the stale information.

If you are a state-registered adviser, you must continue to file Part II with the appropriate *state securities authority* on paper, regardless of whether you are filing Part 1 on paper or electronically through the IARD.

**Note:** The SEC has proposed, but not adopted, substantial changes to Part II.

## 6.    Where do I sign my Form ADV application or amendment?

You must sign the appropriate Execution Page. There are three Execution Pages at the end of the form. Your initial application and all amendments to Form ADV must include at least one Execution Page.

- If you are applying for or amending your SEC registration, you must sign and submit either a:

  - Domestic Investment Adviser Execution Page, if you (the advisory firm) are a resident of the United States; or

  - *Non-Resident* Investment Adviser Execution Page, if you (the advisory firm) are not a resident of the United States.

- If you are applying for or amending your registration with a *state securities authority*, you must sign and submit the State-Registered Investment Adviser Execution Page.

**7.   Who must sign my Form ADV or amendment?**

The individual who signs the form depends upon your form of organization:

- For a sole proprietorship, the sole proprietor.
- For a partnership, a general partner.
- For a corporation, an authorized principal officer.
- For a "separately identifiable department or division" (SID) of a bank, a principal officer of your bank who is directly engaged in the management, direction or supervision of your investment advisory activities.
- For all others, an authorized individual who participates in managing or directing your affairs.

The signature does not have to be notarized, and in the case of an electronic filing, should be a typed name.

**8.   How do I file my Form ADV?**

**Note:** Until May 1, 2001, you must also consult the Form ADV Supplemental Instructions for Transition to Electronic Filing.

Complete Form ADV electronically using the Investment Adviser Registration Depository (IARD) if:

- You are filing with the SEC (and submitting *notice filings* to any of the *state securities authorities*), or

- You are filing with a *state securities authority* that requires or permits advisers to submit Form ADV through the IARD.

To file electronically, go the IARD website (<www.iard.com>), which contains detailed instructions for advisers to follow when filing through the IARD.

Complete Form ADV (Paper Version) on paper if:

- You are filing with the SEC or a *state securities authority* that requires electronic filing, but you have been granted a continuing hardship exemption. Hardship exemptions are described in Instruction 13.

- You are filing with a *state securities authority* that permits (but does not require) electronic filing and you do not file electronically.

9.     **How do I get started filing electronically?**

- First, get a copy of the IARD Entitlement Package from the following web site: <http://www.iard.com>. Second, request access to the IARD system for your firm by completing and submitting the IARD Entitlement Package. The IARD Entitlement Package must be submitted on paper. Mail the forms to: IARD Entitlement Requests, NASD, P.O. Box 9495, Gaithersburg, MD 20898-9495.

- When NASD receives your Entitlement Package, they will assign a *CRD* number (identification number for your firm) and a user I.D. code and password (identification number and system password for the individual(s) who will submit Form ADV filings for your firm). Your firm may request an I.D. code and password for more than one individual. The NASD also will create a financial account for you from which the IARD will deduct filing fees and any *state* fees you are required to pay. If you already have a *CRD* account with NASD, it will also serve as your IARD account; a separate account will not be established.

- Once you receive your *CRD* number, user I.D. code and password, and you have funded your account, you are ready to file electronically.

- Questions regarding the Entitlement Process should be addressed to NASD at 240.386.4848.

10.    **If I am applying for registration with the SEC, or amending my SEC registration, how do I make *notice filings* with the *state securities authorities*?**

If you are applying for registration with the SEC or amending your SEC registration, one or more *state securities authorities* may require you to provide them with copies of your SEC filings. We call these filings "*notice filings*." Your *notice filings* will be sent electronically to the *states* that you check on Item 2.B. of Part 1A. The *state securities authorities* to which you send *notice filings* may charge fees, which will be deducted from the account you establish with NASD. To determine which *state securities authorities* require SEC-registered advisers to submit *notice filings* and to pay fees, consult the relevant state investment adviser law or *state securities authority*. See General Instruction 1.

If you are granted a continuing hardship exemption to file Form ADV on paper, NASD will enter your filing into the IARD and your *notice filings* will be sent electronically to the *state securities authorities* that you check on Item 2.B. of Part 1A.

11.    **I am registered with a *state*. When must I switch to SEC registration?**

If you report on your *annual updating amendment* that your assets under management have increased to $30 million or more, you must register with the SEC within 90 days after you file that *annual updating amendment*. If your assets under management increase to $25 million or more but not $30 million, you may, but are not required to, register with the SEC (assuming you are not

otherwise required to register with the SEC). Once you register with the SEC, you are subject to SEC regulation, regardless of whether you remain registered with one or more *states*. Each of your *investment adviser representatives*, however, may be subject to registration in those states in which the representative has a place of business. See SEC rule 203A-1(b). For additional information, consult the investment adviser laws or the *state securities authority* for the particular state in which you are "doing business." See General Instruction 1.

### 12.    I am registered with the SEC. When must I switch to registration with a *state securities authority*?

If you report on your *annual updating amendment* that you have assets under management of less than $25 million <u>and</u> you are not otherwise eligible to register with the SEC, you must withdraw from SEC registration within 180 days after the end of your fiscal year by filing Form ADV-W. You should consult state law in the states that you are doing business to determine if you are required to register in these states. See General Instruction 1. Until you file your Form ADV-W with the SEC, you will remain subject to SEC regulation, and you also will be subject to regulation in any states where you register. See SEC rule 203A-1(b).

### 13.    Are there filing fees?

Yes. These fees go to support and maintain the IARD. The IARD filing fees are in addition to any registration or other fee that may be required by state law. You must pay an IARD filing fee for your initial application and each *annual updating amendment*. There is no filing fee for an other-than-annual amendment or Form ADV-W. The IARD filing fee schedule is published at <http://www.sec.gov/iard>; <http://www.nasaa.org>; and <http://www.iard.com>.

If you are submitting a paper filing under a continuing hardship exemption (see Instruction 14), you are required to pay an additional fee. The amount of the additional fee depends on whether you are filing Form ADV or Form ADV-W. (There is no additional fee for filings made on Form ADV-W.) The hardship filing fee schedule is available at 240.386.4848.

### 14.    What if I am not able to file electronically?

If you are required to file electronically but cannot do so, you may be eligible for one of two types of hardship exemptions from the electronic filing requirements.

- A **temporary hardship exemption** is available if you file electronically, but you encounter unexpected difficulties that prevent you from making a timely filing with the IARD, such as a computer malfunction or electrical outage. This exemption does <u>not</u> permit you to file on paper; instead, it extends the deadline for an electronic filing for seven business days. See SEC rule 203-3(a).

- A **continuing hardship exemption** may be granted if you are a small business and you can demonstrate that filing electronically would impose an undue hardship. You are a small business, and may be eligible for a continuing hardship exemption, if you are required to answer Item 12 of Part 1A (because you have assets under management of

less than $25 million) <u>and</u> you are able to respond "no" to each question in Item 12. See SEC rule 0-7.

If you have been granted a continuing hardship exemption, you must complete and submit the paper version of Form ADV to NASD. NASD will enter your responses into the IARD. As discussed in General Instruction 13, NASD will charge you a fee to reimburse it for the expense of data entry.

Before applying for a continuing hardship exemption, consider engaging a firm that assists investment advisers in making filings with the IARD. Check the SEC's web site (<http://www.sec.gov/iard>) to obtain a list of firms that provide these services.

**15.    I am eligible to file on paper. How do I make a paper filing?**

When filing on paper, you must:

- Type all of your responses.
- Include your name (the same name you provide in response to Item 1.A. of Part 1A) and the date on every page.
- If you are amending your Form ADV:
    ◦ complete page 1 and circle the number of any item for which you are changing your response.
    ◦ include your SEC 801-number (if you have one) and your *CRD* number (if you have one) on every page.
    ◦ complete the amended item in full and circle the number of the item for which you are changing your response.
    ◦ to amend Schedule A or Schedule B, complete and submit Schedule C.

Where you submit your paper filing depends on why you are eligible to file on paper:

- If you are filing on paper because you have been granted a continuing hardship exemption, submit one manually signed Form ADV and one copy to: IARD Document Processing, NASD, P.O. Box 9495, Gaithersburg, MD 20898-9495.

    **If you complete Form ADV on paper and submit it to NASD but you do not have a continuing hardship exemption, the submission will be returned to you.**

- If you are filing on paper because a *state* in which you are registered or applying for registration allows you to submit paper instead of electronic filings, submit one manually signed Form ADV and one copy to the appropriate *state securities authorities*.

**16.    Who is required to file Form ADV-NR?**

Every *non-resident* general partner and *managing agent* of all SEC-registered advisers, whether or not the adviser is resident in the United States, must file Form ADV-NR in connection with the adviser's initial application. A general partner or *managing agent* of an SEC-registered adviser who becomes a *non-resident* after the adviser's initial application has been submitted must file Form ADV-NR within 30 days. Form ADV-NR must be filed on paper (it cannot be filed electronically).

Submit Form ADV-NR to the SEC at the following address:

> Securities and Exchange Commission, 100 F Street, NE, Mail Stop 0-25, Washington, DC 20549; Attn: Branch of Registrations & Examinations

**Failure to file Form ADV-NR promptly may delay SEC consideration of your initial application.**

## Federal Information Law and Requirements

Sections 203(c) and 204 of the Advisers Act [15 U.S.C. §§ 80b-3(c) and 80b-4] authorize the SEC to collect the information required by Form ADV. The SEC collects the information for regulatory purposes, such as deciding whether to grant registration. Filing Form ADV is mandatory for advisers who are required to register with the SEC. The SEC maintains the information submitted on this form and makes it publicly available. The SEC may return forms that do not include required information. Intentional misstatements or omissions constitute federal criminal violations under 18 U.S.C. § 1001 and 15 U.S.C. § 80b-17.

## SEC's Collection of Information

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid control number. The Advisers Act authorizes the SEC to collect the information on Form ADV from applicants. See 15 U.S.C. §§ 80b-3(c)(1) and 80b-4. Filing the form is mandatory.

The main purpose of this form is to enable the SEC to register investment advisers. Every applicant for registration with the SEC as an adviser must file the form. See 17 C.F.R. § 275.203-1. By accepting a form, however, the SEC does not make a finding that it has been completed or submitted correctly. The form is filed annually by every adviser, no later than 90 days after the end of its fiscal year, to amend its registration. It is also filed promptly during the year to reflect material changes. See 17 C.F.R. § 275.204-1. The SEC maintains the information on the form and makes it publicly available through the IARD.

Anyone may send the SEC comments on the accuracy of the burden estimate on page 1 of the form, as well as suggestions for reducing the burden. The Office of Management and Budget has reviewed this collection of information under 44 U.S.C. § 3507.

**Form ADV:  General Instructions** | **Page 9**

The information contained in the form is part of a system of records subject to the Privacy Act of 1974, as amended.  The SEC has published in the Federal Register the Privacy Act System of Records Notice for these records.

# FORM ADV (Paper Version)
## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Form ADV: Supplemental Instructions for Electronic Filing |
| --- |

## SEC Requirements

SEC rules require advisers that are registered or applying for registration with the SEC to file electronically. All applications for registration filed after December 31, 2000 must be filed electronically through the IARD system. *See* SEC rule 203-1.

## State Requirements

Check with the *state securities authorities* of the states in which you have a filing obligation to determine whether you can or must file Form ADV electronically through the IARD. NASAA provides information about state investment adviser laws and state rules, and how to contact a *state securities authority*, on its website: http://www.nasaa.org.

# FORM ADV (Paper Version)
## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

---
**Form ADV: Instructions for Part 1A**
---

These instructions explain how to complete certain items in Part 1A of Form ADV.

## 1. Item 1: Identifying Information

If you are a "separately identifiable department or division" (SID) of a bank, answer Item 1.A. with the full legal name of your bank, and answer Item 1.B. with your own name (the name of the department or division) and all names under which you conduct your advisory business. In addition, your *principal office and place of business* in Item 1.F. should be the principal office at which you conduct your advisory business. In response to Item 1.I., the World Wide Web site addresses you list on Schedule D should be sites that provide information about your own activities, rather than general information about your bank.

## 2. Item 2: SEC Registration

If you are registered or applying for registration with the SEC, you must indicate in Item 2.A. why you are eligible to register with the SEC by checking one or more boxes.

a. **Item 2.A(1): Adviser with Assets Under Management of $25 Million or More.** You may check box 1 only if your response to Item 5.F(2)(c) is $25 million or more. While you may register with the SEC if your assets under management are at least $25 million but less than $30 million, you must register with the SEC if your assets under management are $30 million or more. Part 1A Instruction 5.b. explains how to calculate your assets under management.

If you are a state-registered adviser and you report on your *annual updating amendment* that your assets under management increased to $25 million or more, you may register with the SEC. If your assets under management increased to $30 million or more, you must register with the SEC within 90 days after you file that *annual updating amendment*. See SEC rule 203A-1(b) and Form ADV General Instruction 10.

b. **Item 2.A(4): Adviser to an Investment Company.** You may check box 4 only if you currently provide advisory services under an investment advisory contract to an investment company registered under the Investment Company Act of 1940 and the investment company is operational (i.e., has assets and shareholders, other than just the organizing shareholders). See section 203A(a)(1)(B) of the Advisers Act. Advising investors about the merits of investing in mutual funds or recommending particular mutual funds does not make you eligible to check this box.

c. **Item 2.A(5): Nationally Recognized Statistical Rating Organization.** You may check box 5 only if you are designated as a nationally recognized statistical rating organization

pursuant to an application filed under paragraph (c)(13)(i) of SEC rule 15c3-1 under the Securities Exchange Act of 1934. See SEC rule 203A-2(a). This designation generally is limited to rating agencies, such as Moody's and Standard & Poor's.

d.    **Item 2.A(6): Pension Consultant.** You may check box 6 <u>only</u> if you are eligible for the pension consultant exemption from the prohibition on SEC registration.

- You are eligible for this exemption if you provided investment advice to employee benefit plans, governmental plans, or church plans with respect to assets having an aggregate value of $50 million or more during the 12-month period that ended within 90 days of filing this Form ADV. You are <u>not</u> eligible for this exemption if you only advise plan participants on allocating their investments within their pension plans. See SEC rule 203A-2(b).

- To calculate the value of assets for purposes of this exemption, aggregate the assets of the plans for which you provided advisory services at the end of the 12-month period. If you provided advisory services to other plans during the 12-month period, but your employment or contract terminated before the end of the 12-month period, you also may include the value of those assets.

e.    **Item 2.A(7):  Affiliated Adviser.** You may check box 7 <u>only</u> if you are eligible for the affiliated adviser exemption from the prohibition on SEC registration. See SEC rule 203A-2(c). You are eligible for this exemption if you *control*, are *controlled by,* or *are under common control with* an investment adviser that is registered with the SEC, <u>and</u> you have the same *principal office and place of business* as that other investment adviser. Note that you may not rely on the SEC registration of an Internet investment adviser under rule 203A-2(f) in establishing eligibility for this exemption. See SEC rule 203A-2(f)(iii). If you check box 7, you also must complete Section 2.A(7) of Schedule D.

f.    **Item 2.A(8): Newly-Formed Adviser.** You may check box 8 <u>only</u> if you are eligible for the newly-formed-adviser exemption from the prohibition on SEC registration. See SEC rule 203A-2(d). You are eligible for this exemption if:

- immediately before you file your application for registration with the SEC, you were not registered or required to be registered with the SEC or a *state securities authority;* <u>and</u>

- at the time of your formation, you have a reasonable expectation that within 120 days of registration you will be eligible for SEC registration.

If you check box 8, you also must complete Section 2.A(8) of Schedule D.

You must file an amendment to Part 1A of your Form ADV that updates your response to Item 2.A. within 120 days after the SEC declares your registration effective. You may not check box 8 on your amendment; since this exemption is available only if you are not

registered, you may not "re-rely" on this exemption. If you indicate on that amendment (by checking box 12) that you are not eligible to register with the SEC, you also must at that same time file a Form ADV-W to withdraw your SEC registration.

g.  **Item 2.A(9): Multi-State Adviser.** You may check box 9 only if you are eligible for the multi-state adviser exemption from the prohibition on SEC registration. See SEC rule 203A-2(e). You are eligible for this exemption if you are required to register as an investment adviser with the securities authorities of 30 or more *states*. If you check box 9, you must complete Section 2.A(9) of Schedule D. You must complete Section 2.A(9) of Schedule D in each *annual updating amendment* you submit.

If you check box 9, you also must:
*   create and maintain a list of the *states* in which, but for this exemption, you would be required to register;
*   update this list each time you submit an *annual updating amendment* in which you continue to represent that you are eligible for this exemption; and
*   maintain the list in an easily accessible place for a period of not less than five years from each date on which you indicate that you are eligible for the exemption.

If, at the time you file your *annual updating amendment*, you are required to register in less than 25 *states* and you are not otherwise eligible to register with the SEC, you must check box 12 in Item 2.A. You also must file a Form ADV-W to withdraw your SEC registration. See Part 1A Instruction 2.i.

h.  **Item 2.A (10): Internet Investment Adviser.** You may check box 10 only if you are eligible for the Internet adviser exemption from the prohibition on SEC registration. See SEC rule 203A-2(f). You are eligible for this exemption if:

*   you provide investment advice to your *clients* through an interactive website. An interactive website means a website in which computer software-based models or applications provide investment advice based on personal information each *client* submits through the website. Other forms of online or Internet investment advice do not qualify for this exemption;

*   you provide investment advice to all of your *clients* exclusively through the interactive website, except that you may provide investment advice to fewer than 15 *clients* through other means during the previous 12 months; and

*   you maintain a record demonstrating that you provide investment advice to your *clients* exclusively through an interactive website in accordance with these limits.

i.  **Item 2.A(12): Adviser No Longer Eligible to Remain Registered with the SEC.** You must check box 12 if:

*   you are registered with the SEC;

- you are filing an *annual updating amendment* to Form ADV in which you indicate in response to Item 5.F(2)(c) that you have assets under management of less than $25 million; and
- you are not eligible to check any other box (other than box 12) in Item 2.A. (and are therefore no longer eligible to remain registered with the SEC).

You must withdraw from SEC registration within 180 days after the end of your fiscal year by filing Form ADV-W. Until you file your Form ADV-W, you will remain subject to SEC regulation, and you also will be subject to regulation in the *states* in which you register. See SEC rule 203A-1(b).

## 3. Item 3: Form of Organization

If you are a "separately identifiable department or division" (SID) of a bank, answer Item 3.A. by checking "other." In the space provided, specify that you are a "SID of" and indicate the form of organization of your bank. Answer Items 3.B. and 3.C. with information about your bank.

## 4. Item 4: Successions

a. **Succession of an SEC-Registered Adviser.** If you (1) have taken over the business of an investment adviser or (2) have changed your structure or legal status (e.g., form of organization or state of incorporation), a new organization has been created, which has registration obligations under the Advisers Act. There are different ways to fulfill these obligations. You may rely on the registration provisions discussed in the General Instructions, or you may be able to rely on special registration provisions for "successors" to SEC-registered advisers, which may ease the transition to the successor adviser's registration.

To determine if you may rely on these provisions, review "Registration of Successors to Broker-Dealers and Investment Advisers," Investment Advisers Act Release No. 1357 (Dec. 28, 1992). If you have taken over an adviser, follow Part 1A Instruction 4.a(1), Succession by Application. If you have changed your structure or legal status, follow Part 1A Instruction 4.a(2), Succession by Amendment. If either (1) you are a "separately identifiable department or division" (SID) of a bank that is currently registered as an investment adviser, and you are taking over your bank's advisory business; or (2) you are a SID currently registered as an investment adviser, and your bank is taking over your advisory business, then follow Part 1A Instruction 4.a(1), Succession by Application.

(1) **Succession by Application.** If you are not registered with the SEC as an adviser, and you are acquiring or assuming substantially all of the assets and liabilities of the advisory business of an SEC-registered adviser, file a new application for registration on Form ADV. You will receive new registration numbers. You must file the new application within 30 days after the succession. On the application, make sure you check "yes" to Item 4.A., enter the date of the succession in Item 4.B., and complete Section 4 of Schedule D.

Until the SEC declares your new registration effective, you may rely on the registration of the adviser you are acquiring, but only if the adviser you are acquiring is no longer conducting advisory activities. Once your new registration is effective, a Form ADV-W must be filed with the SEC to withdraw the registration of the acquired adviser.

(2) **Succession by Amendment.** If you are a new investment adviser formed solely as a result of a change in form of organization, a reorganization, or a change in the composition of a partnership, and there has been no practical change in *control* or management, you may amend the registration of the registered investment adviser to reflect these changes rather than file a new application. You will keep the same registration numbers, and you should not file a Form ADV-W. On the amendment, make sure you check "yes" to Item 4.A., enter the date of the succession in Item 4.B., and complete Section 4 of Schedule D. You <u>must</u> submit the amendment within 30 days after the change or reorganization.

b. **Succession of a State-Registered Adviser.** If you (1) have taken over the business of an investment adviser <u>or</u> (2) have changed your structure or legal status (e.g., form of organization or state of incorporation), a new organization has been created, which has registration obligations under state investment adviser laws. There may be different ways to fulfill these obligations. You should contact each state in which you are registered to determine that state's requirements for successor registration. See Form ADV General Instruction 1.

5. **Item 5: Information About Your Advisory Business**

a. **Newly-Formed Advisers:** Several questions in Item 5 that ask about your advisory business assume that you have been operating your advisory business for some time. Your response to these questions should reflect your current advisory business (i.e., at the time you file your Form ADV), with the following exceptions:

- base your response to Item 5.E. on the types of compensation you expect to accept;
- base your response to Item 5.G. on the types of advisory services you expect to provide during the next year; and
- skip Item 5.H.

b. **Item 5.F: Calculating Your Assets Under Management.** In determining the amount of your assets under management, include the securities portfolios for which you provide continuous and regular supervisory or management services as of the date of filing this Form ADV.

(1) **Securities Portfolios**. An account is a securities portfolio if at least 50% of the total value of the account consists of securities. For purposes of this 50% test, you may treat cash and cash equivalents (i.e., bank deposits, certificates of deposit, bankers

acceptances, and similar bank instruments) as securities. You may include securities portfolios that are:

(a) your family or proprietary accounts (unless you are a sole proprietor, in which case your personal assets must be excluded);

(b) accounts for which you receive no compensation for your services; and

(c) accounts of *clients* who are not U.S. residents.

(2) **Value of Portfolio**. Include the entire value of each securities portfolio for which you provide continuous and regular supervisory or management services. If you provide continuous and regular supervisory or management services for only a portion of a securities portfolio, include as assets under management only that portion of the securities portfolio for which you provide such services. Exclude, for example, the portion of an account:

(a) under management by another *person*; or

(b) that consists of real estate or businesses whose operations you "manage" on behalf of a *client* but not as an investment.

Do not deduct securities purchased on margin.

(3) **Continuous and Regular Supervisory or Management Services.**

**General Criteria.** You provide continuous and regular supervisory or management services with respect to an account if:

(a) you have *discretionary authority* over and provide ongoing supervisory or management services with respect to the account; or

(b) you do not have *discretionary authority* over the account, but you have ongoing responsibility to select or make recommendations, based upon the needs of the *client*, as to specific securities or other investments the account may purchase or sell and, if such recommendations are accepted by the *client*, you are responsible for arranging or effecting the purchase or sale.

**Factors.** You should consider the following factors in evaluating whether you provide continuous and regular supervisory or management services to an account.

(a) **Terms of the advisory contract.** If you agree in an advisory contract to provide ongoing management services, this suggests that you provide these services for the account. Other provisions in the contract, or your actual management practices, however, may suggest otherwise.

(b) **Form of compensation.** If you are compensated based on the average value of the *client's* assets you manage over a specified period of time, that suggests that you provide continuous and regular supervisory or management services for the account. If you receive compensation in a manner similar to either of the following, that suggests you do not provide continuous and regular supervisory or management services for the account --

    (i) you are compensated based upon the time spent with a *client* during a *client* visit; or

    (ii) you are paid a retainer based on a percentage of assets covered by a financial plan.

(c) **Management practices.** The extent to which you actively manage assets or provide advice bears on whether the services you provide are continuous and regular supervisory or management services. The fact that you make infrequent trades (e.g., based on a "buy and hold" strategy) does not mean your services are not "continuous and regular."

**Examples.** You may provide continuous and regular supervisory or management services for an account if you:

(a) have *discretionary authority* to allocate *client* assets among various mutual funds;

(b) do not have *discretionary authority*, but provide the same allocation services, and satisfy the criteria set forth in Instruction 5.b(3);

(c) allocate assets among other managers (a "manager of managers"), but only if you have *discretionary authority* to hire and fire managers and reallocate assets among them; or

(d) you are a broker-dealer and treat the account as a brokerage account, but only if you have *discretionary authority* over the account.

You do not provide continuous and regular supervisory or management services for an account if you:

(a) provide market timing recommendations (i.e., to buy or sell), but have no ongoing management responsibilities;

(b) provide only *impersonal investment advice* (e.g., market newsletters);

(c) make an initial asset allocation, without continuous and regular monitoring and reallocation; or

(d) provide advice on an intermittent or periodic basis (such as upon *client* request, in response to a market event, or on a specific date (e.g., the account is reviewed and adjusted quarterly)).

(4) **Value of Assets Under Management**.  Determine your assets under management based on the current market value of the assets as determined within 90 days prior to the date of filing this Form ADV.  Determine market value using the same method you used to report account values to *clients* or to calculate fees for investment advisory services.

(5) **Example.**  This is an example of the method of determining whether a *client* account may be included as assets under management.

A *client's* portfolio consists of the following:

| | |
|---|---|
| $ 6,000,000 | stocks and bonds |
| $ 1,000,000 | cash and cash equivalents |
| $ 3,000,000 | non-securities (collectibles, commodities, real estate, etc.) |
| $10,000,000 | Total Assets |

**First, is the account a securities portfolio?**  The account is a securities portfolio because securities as well as cash and cash equivalents (which you have chosen to include as securities) ($6,000,000 + $1,000,000 = $7,000,000) comprise at least 50% of the value of the account (here, 70%).  (See Instruction 5.b(1)).

**Second, does the account receive continuous and regular supervisory or management services?**  The entire account is managed on a *discretionary* basis and is provided ongoing supervisory and management services, and therefore receives continuous and regular supervisory or management services.  (See Instruction 5.b(3)).

**Third, what is the entire value of the account?**  The entire value of the account ($10,000,000) is included in the calculation of the adviser's total assets under management.

## 6.  Item 10:  *Control Persons*

If you are a "separately identifiable department or division" (SID) of a bank, identify on Schedule A your bank's executive officers who are directly engaged in managing, directing, or supervising your investment advisory activities, and list any other *persons* designated by your bank's board of directors as responsible for the day-to-day conduct of your investment advisory activities, including supervising *employees* performing investment advisory activities.

## 7.  Additional Information.

If you believe your response to an item in Form ADV Part 1A requires further explanation, or if you wish to provide additional information, you may do so on Schedule D, in the Miscellaneous section.  Completion of this section is optional

## GLOSSARY OF TERMS

1. **Advisory Affiliate:** Your advisory affiliates are (1) all of your officers, partners, or directors (or any *person* performing similar functions); (2) all *persons* directly or indirectly *controlling* or *controlled* by you; and (3) all of your current *employees* (other than *employees* performing only clerical, administrative, support or similar functions).

   If you are a "separately identifiable department or division" (SID) of a bank, your *advisory affiliates* are: (1) all of your bank's *employees* who perform your investment advisory activities (other than clerical or administrative *employees*); (2) all *persons* designated by your bank's board of directors as responsible for the day-to-day conduct of your investment advisory activities (including supervising the *employees* who perform investment advisory activities); (3) all *persons* who directly or indirectly control your bank, and all *persons* whom you *control* in connection with your investment advisory activities; and (4) all other *persons* who directly manage any of your investment advisory activities (including directing, supervising or performing your advisory activities), all *persons* who directly or indirectly *control* those management functions, and all *persons* whom you *control* in connection with those management functions. *[Used in: Part 1A, Item 11; Part 1B, Item 2]*

2. **Annual Updating Amendment:** Within 90 days after your firm's fiscal year end, your firm must file an "annual updating amendment," which is an amendment to your firm's Form ADV that reaffirms the eligibility information contained in Item 2 of Part 1A and updates the responses to any other item for which the information is no longer accurate. *[Used in: General Instructions; Part 1A Instructions, Introductory Text, Item 2]*

3. **Charged:** Being accused of a crime in a formal complaint, information, or indictment (or equivalent formal charge). *[Used in: Part 1A, Item 11; DRPs]*

4. **Client:** Any of your firm's investment advisory clients. This term includes clients from which your firm receives no compensation, such as members of your family. If your firm also provides other services (*e.g.*, accounting services), this term does not include clients that are not investment advisory clients. *[Used throughout Form ADV and Form ADV-W]*

5. **Control:** Control means the power, directly or indirectly, to direct the management or policies of a *person*, whether through ownership of securities, by contract, or otherwise.

   - Each of your firm's officers, partners, or directors exercising executive responsibility (or *persons* having similar status or functions) is presumed to control your firm.

   - A *person* is presumed to control a corporation if the *person*: (i) directly or indirectly has the right to vote 25 percent or more of a class of the corporation's voting securities; or (ii) has the power to sell or direct the sale of 25 percent or more of a class of the corporation's voting securities.

- A *person* is presumed to control a partnership if the *person* has the right to receive upon dissolution, or has contributed, 25 percent or more of the capital of the partnership.

- A *person* is presumed to control a limited liability company ("LLC") if the *person*: (i) directly or indirectly has the right to vote 25 percent or more of a class of the interests of the LLC; (ii) has the right to receive upon dissolution, or has contributed, 25 percent or more of the capital of the LLC; or (iii) is an elected manager of the LLC.

- A *person* is presumed to control a trust if the *person* is a trustee or *managing agent* of the trust.

*[Used in: General Instructions; Part 1A, Instructions, Items 2, 7, 10, 11, 12, Schedules A, B, C, D; Regulatory DRP]*

6. **Custody:** Your firm has custody if it directly or indirectly holds *client* funds or securities, has any authority to obtain possession of them, or has the ability to appropriate them. Your firm has custody, for example, if it has a general power of attorney over a *client's* account or signatory power over a *client's* checking account. *See* Advisers Act rule 206(4)-2. *[Used in: Part 1A, Item 9; Part 1B, Instructions, Item 2]*

7. **Discretionary Authority:** Your firm has discretionary authority if it has the authority to decide which securities to purchase and sell for the *client*. Your firm also has discretionary authority if it has the authority to decide which investment advisers to retain on behalf of the *client*. *[Used in: Part 1A, Instructions, Item 8; Part 1B, Instructions]*

8. **Employee:** This term includes an independent contractor who performs advisory functions on your behalf. *[Used in: Part 1A, Instructions, Items 1, 5, 7, 11]*

9. **Enjoined:** This term includes being subject to a mandatory injunction, prohibitory injunction, preliminary injunction, or a temporary restraining *order*. *[Used in: Part 1A, Item 11; DRPs]*

10. **Felony:** For jurisdictions that do not differentiate between a felony and a *misdemeanor*, a felony is an offense punishable by a sentence of at least one year imprisonment and/or a fine of at least $1,000. The term also includes a general court martial. *[Used in: Part 1A, Item 11; DRPs]*

11. **Foreign Financial Regulatory Authority:** This term includes (1) a foreign securities authority; (2) another governmental body or foreign equivalent of a *self-regulatory organization* empowered by a foreign government to administer or enforce its laws relating to the regulation of *investment-related* activities; and (3) a foreign membership organization, a function of which is to regulate the participation of its members in the activities listed above. *[Used in: Part 1A, Items 1, 11; DRPs]*

12. **Found:** This term includes adverse final actions, including consent decrees in which the respondent has neither admitted nor denied the findings, but does not include agreements, deficiency letters, examination reports, memoranda of understanding, letters of caution, admonishments, and similar informal resolutions of matters. *[Used in: Part 1A, Item 11; Part 1B, Item 2]*

13. **Government Entity:** Any state or political subdivision of a state, including (i) any agency, authority, or instrumentality of the state or political subdivision; (ii) a plan or pool of assets *controlled* by the state or political subdivision or any agency, authority or instrumentality thereof; and (iii) any officer, agent, or *employee* of the state or political subdivision or any agency, authority or instrumentality thereof, acting in their official capacity. *[Used in: Part 1A, Item 5]*

14. **High Net Worth Individual:** An individual with at least $750,000 managed by you, or whose net worth your firm reasonably believes exceeds $1,500,000, or who is a "qualified purchaser" as defined in section 2(a)(51)(A) of the Investment Company Act of 1940. The net worth of an individual may include assets held jointly with his or her spouse. *[Used in: Part 1A, Item 5]*

15. **Home State:** If your firm is registered with a *state securities authority*, your firm's "home state" is the state where it maintains its *principal office and place of business*. *[Used in: Part 1B, Instructions]*

16. **Impersonal Investment Advice:** Investment advisory services that do not purport to meet the objectives or needs of specific individuals or accounts. *[Used in: Part 1A, Instructions]*

17. **Investment-Related:** Activities that pertain to securities, commodities, banking, insurance, or real estate (including, but not limited to, acting as or being associated with an investment adviser, broker-dealer, municipal securities dealer, government securities broker or dealer, issuer, investment company, futures sponsor, bank, or savings association). *[Used in: Part 1A, Item 11; DRPs; Part 1B, Item 2]*

18. **Involved:** Engaging in any act or omission, aiding, abetting, counseling, commanding, inducing, conspiring with or failing reasonably to supervise another in doing an act. *[Used in: Part 1A, Item 11]*

19. **Management Persons:** Anyone with the power to exercise, directly or indirectly, a *controlling* influence over your firm's management or policies, or to determine the general investment advice given to the *clients* of your firm.

    Generally, all of the following are management persons:

    - Your firm's principal executive officers, such as your chief executive officer, chief financial officer, chief operations officer, chief legal officer, and chief compliance

officer; your directors, general partners, or trustees; and other individuals with similar status or performing similar functions;

- The members of your firm's investment committee or group that determines general investment advice to be given to *clients*; and

- If your firm does not have an investment committee or group, the individuals who determine general investment advice provided to *clients* (if there are more than five people, you may limit your firm's response to their supervisors).

*[Used in: Part 1B, Item 2]*

20. **Managing Agent:** A managing agent of an investment adviser is any *person*, including a trustee, who directs or manages (or who participates in directing or managing) the affairs of any unincorporated organization or association that is not a partnership. *[Used in: General Instructions; Form ADV-NR]*

21. **Minor Rule Violation:** A violation of a *self-regulatory organization* rule that has been designated as "minor" pursuant to a plan approved by the SEC. A rule violation may be designated as "minor" under a plan if the sanction imposed consists of a fine of $2,500 or less, and if the sanctioned *person* does not contest the fine. (Check with the appropriate *self-regulatory organization* to determine if a particular rule violation has been designated as "minor" for these purposes.) *[Used in: Part 1A, Item 11]*

22. **Misdemeanor:** For jurisdictions that do not differentiate between a *felony* and a misdemeanor, a misdemeanor is an offense punishable by a sentence of less than one year imprisonment and/or a fine of less than $1,000. The term also includes a special court martial. *[Used in: General Instructions; Part 1A, Item 11; DRPs]*

23. **NASD CRD or CRD:** The Web Central Registration Depository ("CRD") system operated by the NASD for the registration of broker-dealers and broker-dealer representatives. *[Used in: Part 1A, Item 1; Form ADV-W, Item 1]*

24. **Non-Resident:** (a) an individual who resides in any place not subject to the jurisdiction of the United States; (b) a corporation incorporated in and having its *principal office and place of business* in any place not subject to the jurisdiction of the United States; and (c) a partnership or other unincorporated organization or association that has its *principal office and place of business* in any place not subject to the jurisdiction of the United States. *[Used in: General Instructions; Form ADV-NR]*

25. **Notice Filing:** SEC-registered advisers may have to provide *state securities authorities* with copies of documents that are filed with the SEC. These filings are referred to as "notice filings." *[Used in: General Instructions; Part 1A, Item 2; Execution Page(s); Form ADV-W]*

26. **Order:** A written directive issued pursuant to statutory authority and procedures, including an order of denial, exemption, suspension, or revocation. Unless included in an order, this term does not include special stipulations, undertakings, or agreements relating to payments, limitations on activity or other restrictions. *[Used in: Part 1A, Items 2 and 11; Schedule D; DRPs]*

27. **Performance-Based Fee:** An investment advisory fee based on a share of capital gains on, or capital appreciation of, *client* assets. A fee that is based upon a percentage of assets that you manage is not a performance-based fee. *[Used in: Part 1A, Item 5]*

28. **Person:** A natural person (an individual) or a company. A company includes any partnership, corporation, trust, limited liability company ("LLC"), limited liability partnership ("LLP"), or other organization. *[Used throughout Form ADV and Form ADV-W]*

29. **Principal Place of Business** or **Principal Office and Place of Business:** Your firm's executive office from which your firm's officers, partners, or managers direct, *control*, and coordinate the activities of your firm. *[Used in: Part 1A, Instructions, Items 1 and 2; Schedule D; Form ADV-W, Item 1]*

30. **Proceeding:** This term includes a formal administrative or civil action initiated by a governmental agency, *self-regulatory organization* or *foreign financial regulatory authority*; a *felony* criminal indictment or information (or equivalent formal charge); or a *misdemeanor* criminal information (or equivalent formal charge). This term does not include other civil litigation, investigations, or arrests or similar charges effected in the absence of a formal criminal indictment or information (or equivalent formal charge). *[Used in: Part 1A, Item 11; DRPs; Part 1B, Item 2]*

31. **Related Person:** Any *advisory affiliate* and any *person* that is under common *control* with your firm. *[Used in: Part 1A, Items 7, 8, 9; Schedule D; Form ADV-W, Item 3]*

32. **Self-Regulatory Organization** or **SRO:** Any national securities or commodities exchange, registered securities association, or registered clearing agency. For example, the Chicago Board of Trade ("CBOT"), NASD and New York Stock Exchange ("NYSE") are self-regulatory organizations. *[Used in: Part 1A, Item 11; DRPs; Part 1B, Item 2]*

33. **Sponsor:** A sponsor of a *wrap fee program* sponsors, organizes, or administers the program or selects, or provides advice to *clients* regarding the selection of, other investment advisers in the program. *[Used in: Part 1A, Item 5; Schedule D]*

34. **State Securities Authority:** The securities commission (or any agency or office performing like functions) of any state of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, or any other possession of the United States. *[Used throughout Form ADV]*