PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036-4039
(212) 858-1000
Frederick A. Brodie (FB 6429)

2300 N Street, NW
Washington, DC 20037-1122
(202) 663-8000
Christine N. Kearns (*Pro Hac Vice*)
Attorneys for Defendant
Schroders plc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLACKROCK, INC.,<br><br>    Plaintiff,<br><br>  -against-<br><br>SCHRODERS PLC.,<br><br>    Defendant. | Civil No. 07 CV 03183 (PKL)<br>ECF CASE ELECTRONICALLY FILED |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................................2

II. ARGUMENT.............................................................................................................................4

    A. The Complaint Should Be Dismissed For *Forum Non Conveniens*. ....................... 4

        1. No Deference Should Be Given To Plaintiff's Choice of Forum. ................. 4

        2. Germany's Courts Provide An Adequate, Alternative Forum. ...................... 5

        3. All of the Public and Private Interest Factors Favor Dismissal...................... 7

    B. BlackRock Has Not Shown That This Court Has Personal Jurisdiction. ............... 8

        1. BlackRock Cannot Establish Personal Jurisdiction Under
           CPLR § 301. ................................................................................................... 8

        2. BlackRock Cannot Establish Personal Jurisdiction Under
           CPLR § 302. ................................................................................................. 10

## TABLE OF AUTHORITIES

Cases                                                                                                     Page

Allstate Life Ins. Co. v. Linter Group Ltd., 994 F.2d 996 (2d Cir. 1993) ..........................6

Blanco v. Banco Indus. De Venezuela, S.A., 997 F.2d 974 (2d Cir. 1993) ........................7

Borden, Inc. v. Meiji Milk Prods. Co., 919 F.2d 822 (2d Cir. 1990) .................................6

Broad. Rights Int'l Corp. v. Societe du Tour de France, 675 F. Supp. 1439
    (S.D.N.Y. 1987).........................................................................................................4

Bulova Watch Co. v. K. Hattori & Co., 508 F. Supp. 1322 (E.D.N.Y. 1981).....................9

Bybee v. Oper der Standt Bonn, 899 F. Supp. 1217 (S.D.N.Y. 1995) ........................... 7-8

Capital Currency Exchange, N.V. v. Nat'l Westminster Bank PLC,
    155 F.3d 603 (2d Cir. 1998), cert. denied, 526 U.S. 1067 (1999) .................................4

Carey v. Bayerische Hypo-Und Vereinsbank AG, 370 F.3d 234 (2d Cir. 2004) ................5

Cedric Kushner Prods. Ltd. v. Thobela, No. 93 Civ. 4592 (PKL), 1994 U.S. Dist.
    LEXIS 5247 (S.D.N.Y. Apr. 22, 1994) .......................................................................10

Commc'n Partners Worldwide, Inc. v. Main St. Res., No. 04 Civ. 10003 (PKL),
    2005 U.S. Dist. LEXIS 14911 (S.D.N.Y. July 26, 2005) ............................................10

Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp., No. 02 Civ. 9629
    (NRB), 2004 WL 830079 (S.D.N.Y. Apr. 13, 2002)......................................................9

Dagen v. CFC Group Holdings Ltd., 00 Civ. 5682 (DAB) (THK), 2002 U.S. Dist.
    LEXIS 25767 (S.D.N.Y. Mar. 7, 2002) ..........................................................................9

Damigos v. Flanders Compania Naviera, 716 F. Supp. 104 (S.D.N.Y. 1989) ....................5

Dubied Mach. Co. v. Vt. Knitting Co., No. 85 Civ. 8610 (PKL), 1992 WL 142044
    (S.D.N.Y. June 11, 1992).............................................................................................9

Ernst v. Ernst, 722 F. Supp. 61 (S.D.N.Y. 1989)................................................................7

First Union Nat'l Bank v. Paribas, 135 F. Supp. 2d 443 (S.D.N.Y. 2001).........................7

Ioannides v. Marika Maritime Corp., 928 F. Supp. 374 (S.D.N.Y. 1996)..........................5

Kirch v. Liberty Media Corp., No. 04 Civ. 667 (NRB), 2006 U.S. Dist. LEXIS 82175
    (S.D.N.Y. Nov. 8, 2006) ......................................................................................... 6-7

Klonis v. Nat'l Bank of Greece, 05 Civ. 6289 (PKC) (DF), 2007 U.S. Dist. LEXIS 25280 (S.D.N.Y. Mar. 28, 2007) ................................................................. 9

Mendes Junior Int'l Co. v. Banco Do Brasil, S.A., 15 F. Supp. 2d 332 (S.D.N.Y. 1998) ............................................................................................... 7

Monegasque De Reassurances v. Nak Naftogaz of Ukraine, 311 F.3d 488 (2d Cir. 2002) ..................................................................................................... 5

Morris v. Chem. Bank, No. 85 Civ. 9838 (SWK), 1987 WL 16973 (S.D.N.Y. Sept. 10, 1987) ...................................................................................... 7

NCA Holding Corp. v. Norddeutsche Landesbank Girozentrale, No. 96 Civ. 9321 (LMM), 1999 U.S. Dist. LEXIS 817 (S.D.N.Y. Jan. 28, 1999) ..................... 6

Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981) ............................................................... 4

Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., ___ U.S. ___, 127 S. Ct. 1184 (2007) ............................................................... 3

St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking, Ltd., No. 91 Civ. 0748 (MJL), 1993 WL 410160 (S.D.N.Y. Oct. 14, 1993) ........................ 7

Strategic Value Master Fund, Ltd. v. Cargill Fin. Servs. Corp., 421 F. Supp. 2d 741 (S.D.N.Y. 2006) .................................................................... 8

Turedi v. Coca Cola Co., 460 F. Supp. 2d 507 (S.D.N.Y. 2006) ........................................ 6

VictoriaTea.com, Inc. v. Cott Beverages Canada, 239 F. Supp. 2d 377 (S.D.N.Y. 2003) ............................................................................................... 4

Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivanos, 712 F. Supp. 383 (S.D.N.Y. 1989) ........................................................................ 9

Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir. 2000) ..................................... 8

Defendant Schroders plc respectfully submits this reply memorandum in support of its motion to dismiss the Complaint filed by BlackRock, Inc. ("BlackRock").

## I. PRELIMINARY STATEMENT

This is a German dispute. It concerns, at its core, claims by one German company, BlackRock Germany, against another German company, Schroders Germany, arising from Schroders Germany's hiring in Germany of six BlackRock Germany employees. This case involves alleged tortious interference with contract and tort duties relating to conduct in Germany and governed by German law, and, in one instance, under a German contract requiring that disputes be resolved in Germany.

This German dispute is before this Court solely because of a ruse to take advantage of U.S.-style discovery. First, BlackRock Germany, the true <u>plaintiff</u> party in interest, is masquerading its claims through a "proxy plaintiff," its U.S. parent BlackRock, thereby concocting diversity jurisdiction. Second, rather than suing Schroders Germany, the true <u>defendant</u> party in interest, proxy plaintiff BlackRock has sued Schroders Germany's indirect UK parent, Schroders plc, which plainly is not amenable to personal jurisdiction in New York. The Court should dismiss this case, most obviously under the *forum non conveniens* doctrine, but also because BlackRock has not shown that the Court has personal jurisdiction over Schroders plc. This German dispute should be heard, if at all, in Germany.

BlackRock ignores the governing Second Circuit *forum non conveniens* standards. First, it urges the Court to blindly defer to BlackRock's choice of the New York forum. But deference is not due where, as here, the real party in interest is a foreign entity. In fact, BlackRock's General Counsel Robert Connolly conceded Blackrock Germany is the real plaintiff party in interest, and that the epicenter of this dispute is in Germany, in his pre-suit letter, under the telling subject line "Recent Developments *in Germany*":

> BlackRock takes the recent developments and activities of Schroders *in Germany* very seriously. The announcement by Achim Küssner and his team to leave BlackRock and *the announcement by Schroder Investment Management GmbH [Schroders Germany] to hire him* constitute strong indications . . . that Achim Küssner and others have violated their obligations under their contractual arrangements . . . . . We ask you to confirm to what extent Schroders has been involved in a breach of *contractual obligations by our employees in Germany*, as described above.

See Oliner Aff. 2 (emphasis added).

Mr. Connolly was right to characterize this dispute as he did. All of the alleged unlawful acts occurred in Europe, mostly in Germany. All of the evidence, including crucial witnesses, is in Europe, mostly in Germany. Mr. Küssner was "an employee and Managing Director of BlackRock Germany." He lives there. The alleged wrongs allegedly occurred because Mr. Küssner accepted a position as "Country Head of Schroders Germany." All of the employees that Mr. Küssner allegedly solicited were and continue to be employees of BlackRock Germany. The Confidentiality and Employment Policy that was the subject of alleged interference was signed in Germany, as a condition of working for BlackRock Germany, and is written in German. Moreover, this Policy was "amended to reflect the specific applicability of the policy to employees of BlackRock Germany" and expressly references German law. Mr. Küssner's Employment Contract is governed by German law and BlackRock Germany is bound to adjudicate contractual claims about it in Germany. Under these circumstances, BlackRock Germany is the real party in interest, and, as a foreign entity, its choice of a New York forum deserves less deference.

Second, BlackRock cannot evade this Court's consistent line of rulings that Germany is an adequate, available alternative forum, especially where Schroders plc has consented to be sued there. In fact, BlackRock's claims could be heard completely in Germany, because

2

BlackRock could sue Mr. Küssner there, but not here.[1] Finally, BlackRock does not identify a single private or public interest factor that weighs in favor of the New York forum.

Faced with nothing valid to say on these critical points, BlackRock attempts to convince this Court to ignore the U.S. Supreme Court and address *forum non conveniens* only after deciding whether BlackRock has demonstrated personal jurisdiction. BlackRock's request is futile (no matter the order of consideration, the case should be dismissed) and inefficient. The Supreme Court held just two months ago that:

> a district court has discretion to respond at once to a defendant's *forum non conveniens* plea. . . . In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case.

Sinochem Int'l Co., v. Malaysia Int'l Shipping Corp., __ U.S. __, 127 S.Ct. 1184, 1188 (2007). The Court further explained that where "personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." Id. at 1194. Here, BlackRock has made the issue of personal jurisdiction unnecessarily "difficult to determine" by submitting two affirmations that misstate, distort or contradict their 28 bulky attachments. And, its attacks on Mr. Trust's initial declaration are utterly without substance. BlackRock offers no evidence that contradicts any one of Mr. Trust's statements. Mr. Trust's Supplemental Declaration demonstrates that BlackRock has consistently mischaracterized its own evidence.

Therefore, this Court may decline to address personal jurisdiction altogether, but if it chooses to do so, it should conclude that none exists.

---

[1] Counsel for BlackRock told this Court that BlackRock deliberately did not name Mr. Küssner as a defendant in this matter because "[i]t is questionable as to whether we could assert time-expeditious jurisdiction over him here in the United States." May 9, 2007 Hearing Transcript at 6:11-25. No such question exists in Germany. In addition, BlackRock Germany is legally bound to bring claims against Mr. Küssner for breach of contract in Germany.

3

## II.     ARGUMENT

### A.     The Complaint Should Be Dismissed For *Forum Non Conveniens.*

#### 1. No Deference Should Be Given To Plaintiff's Choice of Forum.

BlackRock's choice of forum is not entitled to deference. Deference to a plaintiff's chosen forum turns on the identity of the real plaintiff in interest, not proxies chosen for an improper purpose. See VictoriaTea.com, Inc. v. Cott Beverages Canada, 239 F.Supp.2d 377, 382 (S.D.N.Y. 2003) (plaintiff's choice of forum not entitled to strong deference where an American entity "with only nominal connections" to the litigation was used by foreign real parties in interest "as a means to bootstrap the prosecution of the instant action in this Court" against foreign defendants). Here, crediting plaintiff's allegations as true, BlackRock Germany is the real party in interest.[2] BlackRock is a "nominal" plaintiff, a proxy for BlackRock Germany, and, as a foreign entity, BlackRock Germany is entitled to less deference.[3]

Indeed, the Second Circuit has previously rejected such a ploy. In Capital Currency Exchange, N.V. v. Nat'l Westminster Bank PLC, 155 F.3d 603 (2d Cir. 1998), the court noted that the dispute, at its heart, was about two English banks' refusal to do business in England with two foreign corporations, and that plaintiffs had attempted to recast the dispute as one concerning the U.S. by discussing a "red herring" letter of credit that was not material to plaintiffs' claim. Likewise, here, BlackRock argues that a prior form of the Confidentiality and Employment Policy was drafted in New York, although the document involved here was signed in Germany as a condition to work at BlackRock Germany, expressly references German law,

---

[2] BlackRock has told the Securities and Exchange Commission and the investing public that BlackRock Germany is one of its "subsidiaries " in an exhibit to its 2006 10K. See Supplemental Decl. of C. Kearns, at ¶ 2.

[3] Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981) (presumption in favor of plaintiff's choice of forum "applies with less force when the plaintiff or real parties in interest are foreign"); Broad. Rights Int'l Corp., v. Societe du Tour de France, 675 F. Supp 1439, 1446-47 (S.D.N.Y. 1987) (where the real party in interest is a foreigner and plaintiff is a U.S. citizen solely by virtue of its place of incorporation, plaintiff's choice of forum is given less weight).

4

and is written in German.

Moreover, even where a U.S. plaintiff brings suit, "diminished . . . weight [is] accorded a plaintiff's choice of forum where the plaintiff has actively sought international business and the cause of action does not have significant ties to the plaintiff's home forum." See Carey v. Bayerische Hypo-Und Vereinsbank AG, 370 F.3d 234, 237-38 (2d Cir. 2004) (internal citations and quotations omitted) (affirming *forum non conveniens* dismissal in favor of German forum, holding that where "the dispute is essentially over the complex terms of an investment in German real estate which plaintiff voluntarily entered into while living in Germany. . . it was reasonable to expect that disputes over the terms of the transactions or their performance would be resolved in Germany").

Strikingly absent is any explanation by BlackRock for the failure to name BlackRock Germany as the proper plaintiff. Joinder of BlackRock Germany would destroy diversity and require dismissal for lack of subject matter jurisdiction. Accordingly, BlackRock's choice of New York should receive no deference at all.[4]

### 2. Germany's Courts Provide An Adequate, Alternative Forum.

"An alternative forum is ordinarily adequate if the defendants are amenable to service of process there and the forum permits litigation of the subject matter of the dispute." Monegasque De Reassurances v. Nak Naftogaz of Ukraine, 311 F.3d 488, 499 (2d Cir. 2002). Schroders plc has agreed to submit to the jurisdiction of a German court. Trust Decl. at ¶ 15. In addition, it is undisputed that a German court would take jurisdiction over this matter, would be able to provide the remedies BlackRock seeks, including preliminary injunctive relief if appropriate, and

---

[4] The fact that Mr. Küssner's employment contract contains a German forum selection clause also undercuts deference. See Ioannides v. Marika Maritime Corp., 928 F. Supp. 374, 378 (S.D.N.Y. 1996) ("[T]he fact that plaintiffs agreed to sue only in Greece diminishes in some degree the weight that otherwise would be accorded to their choice of a U.S. forum."); Damigos v. Flanders Compania Naviera, 716 F. Supp. 104, 106 (S.D.N.Y. 1989).

5

can enforce those remedies.  See Driver-Polke Decl. at ¶¶ 7.3-7.8.  BlackRock presents nothing in response.[5]

BlackRock now argues that Germany is an inadequate forum solely because it believes there is inadequate time for it to obtain the expedited discovery it claims it needs to win a preliminary injunction.  Opp. at 23.  The Court should reject this argument.  First, BlackRock has only itself to blame for this "injury," which is entirely self-inflicted.  Nothing prevented BlackRock from suing in Germany as early as in March, in a court where Mr. Küssner could be named as a party and where any injunction could be easily enforced.[6]  Second, BlackRock's argument is a poorly-disguised complaint about the unavailability of U.S.-style discovery in Germany and exposes its real purpose for bringing suit here.  Time and again, courts in this Circuit and New York state courts have found Germany is an adequate alternative forum, without expressing any concern that German discovery procedures render it inadequate.[7]  To the contrary, as this Court has observed, "[t]hat the German legal system is different than that of the United States does not render Germany an inadequate forum.  'Some inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate.'"  NCA Holding Corp. v. Norddeutsche Landesbank Girozentrale, No. 96 Civ. 9321 (LMM), 1999 U.S. Dist. LEXIS 817, at *5 (S.D.N.Y. Jan. 28, 1999), citing Borden, Inc. v. Meiji Milk Prods. Co., 919 F.2d 822, 829 (2d Cir. 1990).  Indeed, the Kirch Court expressly refuted the assertion that Germany's discovery

---

[5] Where, as here, a plaintiff did not provide any expert opinion to counter the views, credibility or good faith of the defendant's expert who testified that an adequate alternative forum existed, the Court may properly accord weight to those views.  See Turedi v. Coca Cola Co., 460 F. Supp. 2d 507, 524 (S.D.N.Y. 2006).

[6] The fact that BlackRock would not face any enforceability obstacles in Germany further supports a dismissal in favor of Germany.  See, e.g., Allstate Life Ins. Co. v. Linter Group Ltd., 994 F.2d 996, 1001 (2d Cir. 1993) (where plaintiff needs to resort to alternative jurisdiction to enforce judgment, courts tend towards dismissal because chosen forum is less convenient and there is a greater risk that plaintiff is forum shopping).

[7] See also Memorandum in Support of Motion to Dismiss at 19 and authority cited.

6

procedures and practices render it an inadequate forum, holding that "while the German system obviously differs from our own, these differences do not constitute a bar to plaintiffs' pursuit of their claims in Germany." Kirch v. Liberty Media Corp., No. 04 Civ. 667 (NRB), 2006 U.S. Dist. LEXIS 82175, at **22-23 (S.D.N.Y. Nov. 8, 2006). See also Ernst v. Ernst, 722 F. Supp. 61, 67 (S.D.N.Y. 1989) ("nothing in the doctrine of forum non conveniens . . . prevents courts from ceding jurisdiction to other courts whose procedures and practices differ from ours").[8]

### 3. All of the Public and Private Interest Factors Favor Dismissal.

The relevant witnesses in this case reside primarily in Germany; the remainder are in the UK. Not one material witness resides in New York.[9] BlackRock argues that this factor does not weigh in favor of dismissal because the UK witnesses are not in Germany. That is wrong: as this Court has reasoned in similar circumstances, it is far more likely that non-party witnesses in the UK would travel to Germany to testify more readily than to the U.S.[10]

BlackRock's claims will be decided under German law. See Driver-Polke Decl. at ¶ 2.2. BlackRock does not provide any authority or expert opinion to the contrary, nor could it. This factor favors a German forum. "Although this Court is able to apply German law when

---

[8] In addition, the fact that Mr. Küssner's Employment Agreement specifies that suits relating to the agreement will be brought in Germany confirms that Germany is an adequate forum. See Blanco v. Banco Indus. De Venezuela, S.A., 997 F.2d 974, 981 (2d Cir. 1993) ("It is at least anomalous for a Venezuelan corporation to contract with a Venezuelan bank for the financing of a housing project in Venezuela, specify in both pertinent contracts that litigation concerning them may be brought in Venezuela, and then argue to an American court that the Venezuelan system of justice is so endemically incompetent, biased, and corrupt as not to provide an adequate forum for the resolution of such contractual disputes."); Mendes Junior Int'l Co. v. Banco Do Brasil, S.A., 15 F. Supp. 2d 332, 338 (S.D.N.Y. 1998) (same).

[9] BlackRock now points to Mr. Connolly, Mr. Oliner and Mr. Kushel as "witnesses" to this dispute in a failed effort to tip the scale toward New York. None of these "witnesses" has information regarding any of the alleged tortious interference attributed to Schroders plc.

[10] See, e.g., First Union Nat'l Bank v. Paribas, 135 F. Supp. 2d 443, 454 (S.D.N.Y. 2001) ("London is a more convenient location [than New York] for the defendants and for all of the witnesses from the Middle East and Europe."); Morris v. Chem. Bank, No. 85 Civ. 9838 (SWK), 1987 WL 16973, at *5 (S.D.N.Y. Sept. 10, 1987) (British forum more convenient where "the non-party witnesses are overwhelmingly in the United Kingdom or other parts of Europe"); see also St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking, Ltd., No. 91 Civ. 0748 (MJL), 1993 WL 410160, at *1 (S.D.N.Y. Oct. 14, 1993) ("[g]iven the number of defendants and witnesses in
(Continued on Next Page)

7

necessary, . . . it makes no pretense that it could do so as knowledgeably or as efficiently as a German tribunal." Bybee v. Oper der Standt Bonn, 899 F.Supp. 1217, 1223 (S.D.N.Y. 1995) (citation omitted). "The likelihood that the present forum would have to apply a foreign jurisdiction's law would weigh in favor of dismissal . . . [because it] obviates the prospect of misunderstanding and/or misapplying law that the foreign court is more familiar with." Strategic Value Master Fund, Ltd. v. Cargill Fin. Servs., Corp., 421 F.Supp.2d 741, 774 (S.D.N.Y. 2006).[11]  And, Germany has a strong interest in adjudicating this dispute. See Driver-Polke Dec. ¶ 7.10

### B. BlackRock Has Not Shown That This Court Has Personal Jurisdiction.

#### 1. BlackRock Cannot Establish Personal Jurisdiction Under CPLR § 301.

BlackRock's attempt to ignore corporate form and collapse Schroders plc and its indirect U.S. subsidiaries into one entity is meritless.  BlackRock does not dispute that Schroders plc has no property, employees, bank account or license to do business in New York.  It does not allege that the Court should pierce the corporate veil or that strict corporate formalities have not been observed.  BlackRock also does not distinguish the Second Circuit's teaching that the Court may not ignore corporate formalities in this context.[12]  Instead, BlackRock relies on precedents that are factually inapposite, including Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir. 2000), where the sole business function of defendants' investor relations office was to perform services directly on the defendants' behalf.  Here, SIMNA is doing business for itself.

---

(Continued from Previous Page)
Europe and the minor connection of any party with New York, England or France would be most appropriate for this litigation").

[11] See Memorandum in Support of Motion to Dismiss at 24-25 and authority cited.

[12] See Memorandum in Support of Motion to Dismiss at 8-12 and authority cited.

8

Moreover, BlackRock relies on Klonis v. Nat'l Bank of Greece, 05 Civ. 6289 (PKC) (DF), 2007 U.S. Dist. LEXIS 25280 (S.D.N.Y. Mar. 28, 2007), which supports dismissal. In Klonis, this Court found that it had no personal jurisdiction over a parent, noting that the subsidiary advertised its affiliation with the parent to recruit customers for itself, not the parent. Id.[13]

BlackRock bases its entire CPLR § 301 jurisdiction argument on Mr. Berke's interpretation of documents attached to his two affirmations. Mr. Trust's Supplemental Declaration demonstrates that Mr. Berke has repeatedly mischaracterized the documents upon which he purports to rely. As a result, BlackRock's assertion that Schroders plc has "substantial control over and involvement in the business of its subsidiaries" (Opp. at 14) so as to bring Schroders plc under this Court's jurisdiction has no factual basis at all.

Finally, BlackRock's repeated mischaracterization of the decision in Haugh v. Schroders plc, Index No. 600651/03 (Sup. Ct. N.Y. Co. Nov. 24, 2003), is a tacit acknowledgement that it cannot satisfy the personal jurisdictional threshold. The Haugh court did not, as BlackRock repeatedly suggests, find it had personal jurisdiction and permit merits discovery, akin to the expedited discovery BlackRock seeks. To the contrary, it expressly held that it could not "make a determination whether jurisdiction could be asserted over Schroders plc," and only permitted discovery "on that issue," that is, only jurisdictional discovery, not the merits discovery

---

[13] See also Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp., No. 02 Civ. 9629 (NRB), 2004 WL 830079 (S.D.N.Y. Apr. 13, 2002) (plaintiff demonstrated that the parent guaranteed the subsidiary's obligations, defendants conceded that the subsidiary prepared annual financial statements solely for tax purposes and to submit them to its parent, subsidiary could make payments only with its parent's authorization, and the parent's website held out the subsidiary as merely one of its international branches, rather than a separate entity); Dubied Mach. Co. v. Vt. Knitting Co., No. 85 Civ. 8610 (PKL), 1992 WL 142044 (S.D.N.Y. June 11, 1992) (Leisure, J.) (finding evidence of a disregard for corporate formalities and of parent control of marketing and operational policies); Dagen v. CFC Group Holdings Ltd., 00 Civ. 5682 (DAB) (THK), 2002 U.S. Dist. LEXIS 25767, at **28-29 (S.D.N.Y. Mar. 7, 2002) (noting that the plaintiff had sufficiently alleged facts to show common ownership and commingling of assets). Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivanos, 712 F. Supp. 383 (S.D.N.Y. 1989) (Leisure, J.), did not even involve a parent-subsidiary relationship, and is not analogous to this matter at all. Likewise, in Bulova Watch Co. v. K Hattori & Co., 508 F. Supp. 1322 (E.D.N.Y. 1981), the cause of action was
(Continued on Next Page)

BlackRock seeks here.

## 2. BlackRock Cannot Establish Personal Jurisdiction Under CPLR § 302.

BlackRock incorrectly argues for personal jurisdiction under CPLR § 302 because Schroder plc's alleged tortious acts in London and Germany injured BlackRock in New York.[14] BlackRock ignores this Court's repeated holding that it lacks such jurisdiction where, as here, the "critical events" of the dispute all transpired outside New York. See <u>Cedric Kushner Prods., Ltd., v. Thobela</u>, No. 93 Civ. 4592 (PKL), 1994 U.S. Dist. LEXIS 5247, at **18-19 (S.D.N.Y. Apr. 22, 1994) (Leisure, J.).[15] The "injury caused by a commercial tort under New York law 'does not occur within the state merely because New York was the place where the plaintiff is located and lost profits.'" <u>Id.</u> at *18 (citation omitted). Rather, "[t]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff."[16] According to BlackRock's March 14 letter quoted above, the situs of the injury is "in Germany."

Dated: May 22, 2007                    Respectfully submitted,

                                                                 /s/ Christine N. Kearns
                                           Christine N. Kearns (*Pro Hac Vice*)

---

(Continued from Previous Page)
"integrally related to the doing of business by Hattori within the state." <u>Id.</u> at 1344. Here there is no allegation that any Schroders plc subsidiary had any role in alleged tortious conduct.

[14] BlackRock's repeated attempts to depict injury through its assertion that "[e]mails attached to the Complaint reveal" some bad act by Schroders plc (Opp. at 3, 21) are simply false. Those emails are neither to nor from anyone at Schroders plc and provide no indication of any action on its part other than the commonplace interviews of a potential employee.

[15] <u>See also</u> <u>Commc'n Partners Worldwide, Inc., v. Main St. Res.</u>, No. 04 Civ. 10003 (PKL), 2005 U.S. Dist. LEXIS 14911, at *18 (S.D.N.Y. July 26, 2005) (Leisure, J.), where this Court found that there was no jurisdiction under Section 302(a)(3) because, as in this case, there was no allegation that defendants made any effort to induce a breach of contract or meet with clients <u>in New York</u>.

[16] <u>See also</u> Memorandum in Support of Motion to Dismiss at 13-14 and authority cited.