PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036-4039
(212) 858-1000
Frederick A. Brodie (FB 6429)

2300 N Street, NW
Washington, DC 20037-1122
(202) 663-8000
Christine N. Kearns (*Pro Hac Vice*)

Attorneys for Defendant
Schroders plc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLACKROCK, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCHRODERS PLC, <br><br> Defendant. | 07 CV 3183 (PKL) <br> ECF CASE ELECTRONICALLY FILED |

### SUPPLEMENTAL DECLARATION OF HOWARD TRUST

I, Howard Trust, hereby declare as follows:

1. I am the General Counsel for the Schroders Group (Schroders plc and its subsidiaries).

2. I submit this Supplemental Declaration in response to the Opposition filed on May 16, 2007, by BlackRock, Inc. ("BlackRock") to Schroders plc's Motion to Dismiss, principally to correct BlackRock's many factual misstatements and mischaracterizations in support of its argument that Schroders plc is present or does business in New York, and,

400574404v1

therefore, that, BlackRock says, this lawsuit should proceed in this Court. I understand these facts are relevant to the Court's analysis of both Schroders plc's request that the Court dismiss the Complaint on *forum non conveniens* grounds, and its request that the Court dismiss the Complaint because Schroders plc is not subject to the Court's personal jurisdiction. Unless otherwise stated, I make the statements below based upon my personal knowledge or my reasonable investigation.

3. Schroders plc submitted my original Declaration, dated May 2, 2007, with its Motion to Dismiss. In its Memorandum of Law in Opposition to Defendant's Motion to Dismiss, BlackRock makes multiple statements to the effect that the content of my original Declaration was either misleading or incorrect. Those assertions by BlackRock are untrue, and I note that BlackRock provides no examples of statements which they believe are either misleading or incorrect, other than BlackRock's ongoing misconception about Schroders plc and the Schroders Group.

4. BlackRock's attacks stem from a fundamentally wrong assumption on its part that forms the basis of its entire jurisdictional argument. Specifically, BlackRock incorrectly equates Schroders plc with the entire Schroders Group. Schroders plc is a distinct corporate entity. As I stated in my original Declaration, it is a listed company organized under the laws of the UK with its own Board and corporate formalities, which are strictly followed. It is a holding company that owns, directly and indirectly, subsidiaries throughout the world. When Schroders plc refers to a wholly-owed subsidiary it includes, as is customary, those that are either directly or indirectly owned. Schroders plc has a distinct business purpose and does not engage in the asset management business. It has neither the requisite licences nor the personnel to do so. That is the business of certain of its direct and indirect subsidiaries around the world.

5.    When we speak of the Schroders Group or "Schroders" in financial or marketing materials, we are referring to the Schroders Group as a whole. We use these references for several reasons. First, our Annual Report and Accounts (2004 and 2006 are attached to Berke Supplemental Affirmation Attachment 5, and Berke Reply Memorandum Ex. 4, respectively) are prepared on a consolidated basis and this is clear from the text and from he financial statements audited by PricewaterhouseCoopers. I have identified some of those statements in the paragraphs below. This is standard business practice and does not mean that the entity, Schroders plc, is itself doing business in any of our worldwide locations. In addition, we use the term "Schroders" as our logo to signify the Schroders Group. That one word appears in, among other places, our marketing materials, press releases and our website. "Schroders" in those contexts is clearly the Schroders Group not the UK entity known as Schroders plc, unless specifically identified otherwise.

### BlackRock's Substantive Allegations Of Misconduct

6.    Before addressing and correcting BlackRock's misstatements and mischaracterizations that relate to the *forum non conveniens* and personal jurisdiction issues, I wish to assure the Court that BlackRock's substantive allegation that, without an injunction, Schroders plc will engage in misconduct, is meritless.

7.    As I stated in my original Declaration, an indirect subsidiary of Schroders plc, Schroder Investment Management GmbH ("Schroders Germany"), has extended an offer of employment to Achim Küssner. In my role as the General Counsel of the Schroders Group, I have taken steps to ensure that the relevant individuals at Schroders Germany understand and intend to respect any duties and obligations that Mr. Küssner owes to his current employer under

German law. Schroders plc is fully supportive of Schroders Germany in this respect. Neither company would ask or want Mr. Küssner to breach any of these duties.

**BlackRock's Many Mistaken Factual Premises For Its Argument That Schroders plc Is Present And Does Business In New York**

8. In my original Declaration, I explained the corporate organizational structure as it relates to Schroders plc and Schroders Germany and to Schroders plc and Schroder Investment Management North America Inc. ("SIMNA"). Attached hereto as Exhibit A is a copy of the relevant pages of the Schroders Family Tree (December 2006), which illustrates that organizational structure and indicates all intermediate corporations. The Schroders Family Tree provides for each distinct corporate entity listed therein its corporate relationship to Schroders plc, full name, type of business, country of incorporation/registration, share capital and percentage owned by the Schroders Group.

9. I have reviewed the Reply Affirmation of Jay S. Berke in Support of Orders to Show Cause for Expedited Discovery and Preliminary Injunction ("Reply Affirmation") and Exhibits 1-13 thereto, and the Supplemental Affirmation of Jay S. Berke in Opposition to the Motion to Dismiss ("Supplemental Affirmation") and Attachments 1-15 thereto. The Reply Affirmation and the Supplemental Affirmation contain multiple false statements and mischaracterizations about Schroders plc, SIMNA, and other Schroders Group entities. The falsity of these statements is demonstrated by the contents of numerous documents, including those attached to the Reply Affirmation and the Supplemental Affirmation themselves. Others of these statements simply have no support in the materials attached to the Reply Affirmation and the Supplemental Affirmation. In the following paragraphs, I will describe many factual errors in the Reply Affirmation and Supplemental Affirmation and correct them.

10. Mr. Berke's Reply Affirmation at ¶ 6 summarizes a number of incorrect allegations found in the Complaint. Contrary to these allegations, Michael Dobson is not the Chairman of Schroders plc. Michael Miles is the Chairman (See Berke Reply Affirmation Ex. 4) and Mr. Dobson is the Chief Executive Officer (Id.).

11. Also contrary to these allegations, Schroders plc does not have a "U.S. address" at 875 3rd Avenue, 22nd Floor, New York, New York 10022-6225 (Berke Reply Affirmation at ¶ 6). This error is repeated in the Reply Affirmation at ¶ 10. In fact, Schroders plc has no U.S. address at all, let alone a New York address. Schroders plc's only address is at 31 Gresham Street, London EC2V 7QA, United Kingdom, as is recited in Berke Reply Affirmation Ex. 3 itself. No exhibit submitted by Mr. Berke provides any address for Schroders plc, other than in London, England.

12. Mr. Berke's Reply Affirmation at ¶ 8 incorrectly refers to Mr. Dorrien-Smith as "an official of Defendant Schroders." To the contrary, Mr. Dorrien-Smith is neither a director, officer nor employee of Schroders plc. He is the Chairman and Chief Executive Officer of SIMNA in the United States. He is also among ten executives in the Schroders Group who serve on a committee (the Group Management Committee) that advises the Chief Executive Officer of Schroders plc. In addition, the article in Investment News to which Mr. Berke refers (Berke Reply Affirmation Ex. 1) was written by a member of the financial press, and does not contain any statement made by or attributed to Schroders plc. Moreover, it does not refer to Schroders plc at all, but states that Mr. Dorrien-Smith had been named "Chief Executive Officer and Head of Distribution of Schroders in North America," which is SIMNA.

13. Mr. Berke's Reply Affirmation at ¶ 9 purports to interpret the words "our" and "we" in select pages of the www.schroders.com website (Berke Reply Affirmation Ex. 2), as

entirely eliminating the formal, legal corporate structure of entities within the Schroders Group. This is obviously wrong. Berke Reply Affirmation Ex. 2, in fact, uses the term "Schroders" and does not refer to Schroders plc specifically, except for "Copyright 2007 Schroders plc," which reflects its ownership of a copyright for the website.

14. Mr. Berke's Reply Affirmation at ¶ 10 quotes the March 1, 2007 Prospectus (Berke Reply Affirmation Ex. 3), which describes Schroders plc as SIMNA's "ultimate parent." The prospectus also describes SIMNA as an "affiliate" of Schroder Investment Management North America Ltd., which confirms the status of those two entities as separate corporate entities. As set forth above, nothing in Berke Reply Affirmation Ex. 3 states or implies that Schroders plc has "offices" in New York.

15. Mr. Berke's Reply Affirmation at ¶ 11 also purports to interpret the use of the word "we" in the Annual Report and Accounts 2006 (Berke Reply Affirmation Ex. 4) as a rejection of all formal, legal corporate structure between the separate entities in the Schroders Group. As set forth above in paragraph 5, Schroders plc reports the financial results of the Schroders Group on a consolidated basis. The Annual Report and Accounts 2006 include the consolidated accounts for the Group and the results for Schroders plc. See Berke Reply Affirmation Ex. 4, Annual Report & Accounts 2006 at 1-2 ("Group profit before tax at...."). In addition, under the heading "**Group**," it states, "In 2006, we achieved total returns of...". See id. The document also clearly states that "Schroders plc is the parent company of an international asset management and private banking group." The contents of the document, which contains an audit opinion prepared by PricewaterhouseCoopers, also makes clear that the financial statements are consolidated and that the Schroders Group includes multiple distinct corporate entities:

6

400574404v1

- "We have audited the Group and parent company financial statements ("the financial statements") of Schroders plc for the year ended 31 December 2006, which comprise the Group income statement, the Group and parent balance sheets, the Group and parent cash flow statements, the Group and parent statements of recognised income and expense and the related notes." Berke Reply Affirmation Ex. 4 at 42/43.

- "The consolidated financial information contained within these financial statements incorporates financial statements of the Company ... and (its subsidiaries)." Id. at 47.

- "Transactions between the Company and its subsidiaries, which are related parties of the Company, have been eliminated on consolidation. . . ." Id. at Note 37.

- "Related party transactions" are reported as "transactions between the Company and its subsidiaries" and "were made at market rates." Id. at Note 57.

- "The following information is given in respect of those subsidiary undertakings which, in the opinion of the Directors, principally affect the consolidated profits or assets of the Company [listing Schroder Investment Management GmbH and Schroder Investment Management North America Inc.]." Id. Note 58.

In addition, the Annual Report and Accounts 2006 describe, separately, Schroders plc's investments in subsidiaries (Note 45) and loans to subsidiaries (Notes 41, 45 and 51).

16.     Mr. Berke's Reply Affirmation at ¶ 13 incorrectly concludes that because Schroders plc is identified by SIMNA as a "Control Person" in the Form ADV completed by SIMNA (Berke Reply Affirmation Ex. 5), Schroders plc somehow is doing business in New York. To the contrary, the Form ADV is an application for investment advisory registration and is made in SIMNA's name alone. The Form ADV identifies Schroders plc and several other entities as "Indirect Owners." The Form ADV also expressly states that none of these entities "directly or indirectly, *control* [SIMNA's] management or policies." The definition of "Control Person" is simply any indirect owners that own 25% or more of a direct owner. The term is strictly an issue of "ownership of securities" and not a statement of presence

7

400574404v1

or doing business in New York. Schroders plc is neither present nor does business in New York and, as noted in paragraph 4 above, does not have the necessary licences to do so.

17. Mr. Berke's Reply Affirmation at ¶ 14 refers to Schroder Investment Management North America Limited ("SIMNA Ltd."), which is a UK corporation and an indirect subsidiary of Schroders plc. Berke Reply Affirmation Ex. 3 does not state, as Mr. Berke alleges, that funds are "nominally 'managed'" by SIMNA. SIMNA is the investment adviser to all of the U.S. mutual funds in its fund complex and maintains the necessary registration to serve in this capacity. With respect to funds managed by personnel based in London, SIMNA contracts at arms length with SIMNA Ltd., as a sub-advisor. SIMNA Ltd. also maintains the necessary U.S. registration to advise U.S. clients. None of this activity involves Schroders plc doing business in New York, nor could it. Schroders plc is not registered in the U.S. and could not advise U.S. clients.

18. Mr. Berke's Reply Affirmation at ¶ 15 incorrectly states "the books and records of SIMNA Inc.'s operations in New York are maintained in those very same London offices occupied by SIMNA Ltd." The document on which Berke bases this false assertion asks, "[c]omplete the following information for each location at which you keep your books and records, other than your *principal office and place of business*." Berke Reply Affirmation Ex. 7 (emphasis original). Records are kept in both the U.S. and in the UK. For example, the server that holds all of the trading and portfolio accounting records for the U.S. is physically maintained in London, but the information is directly accessible on PC's in New York. In addition, all SIMNA client files and marketing materials are maintained in New York.

19. Mr. Berke's Reply Affirmation at ¶ 16 refers to Schroder Fund Advisors Inc. ("SFAI") which is not involved in this case and is also an indirect subsidiary of Schroders plc.

8

400574404v1

Berke Reply Affirmation Ex. 8, which describes SFAI, states clearly that Schroders plc is a "foreign entity," and along with multiple other entities, an indirect owner of SFAI. In addition, SFAI is registered as a limited purpose broker dealer and is not permitted to trade "on the New York Stock Exchange and other New York based securities exchanges or markets" as strongly suggested by Mr. Berke. Its permitted activities include the underwriting of SIMNA's proprietary U.S. mutual funds and the distribution of investment vehicles offered on a private placement basis.

20.    Mr. Berke's Reply Affirmation at ¶ 17 refers to two "Charts" at Berke Reply Affirmation Ex. 9, which were neither prepared by nor contain a statement of Schroders plc or any related entity and are inconsistent with the facts set forth in the Schroders Family Tree. For example, page one of the "Charts" depicts a direct relationship between Schroders plc in London and SIMNA in New York, and completely omits the three intervening UK and U.S. subsidiaries that separate these two entities. The chart states that Mr. Dorrien-Smith is a member of the Group Management Committee, but omits the fact that he is one of ten members and is the only member who resides in the United States. Page 2 of the "Charts" incorrectly depicts a direct relationship between SIMNA and SIMNA Ltd. and again omits the intervening entities. Not only do the "Charts" omit entities, they insert SIMNA Ltd. which has nothing whatsoever to do with this case.

21.    Mr. Berke's Reply Affirmation at ¶ 18 refers to a press release about Mark Hemenetz (Berke Reply Affirmation Ex. 10). The press release is titled "Schroders New York Appoints Chief Operating Officer." Mr. Hemenetz is not an officer, director nor employee of Schroders plc, but instead is the Chief Operating Officer of SIMNA.

22. Mr. Berke's Reply Affirmation at ¶¶ 19-20 incorrectly quotes the www.schroders.com website (Berke Reply Affirmation Ex. 2) to allege that Schroders plc itself provides portfolio analyses. The page quoted does not refer to Schroders plc. Likewise, the page of the website that describes PRISM does not refer to any activity by Schroders plc in New York at all.

23. Mr. Berke's Supplemental Affirmation at ¶ 2 attaches several pages from a March 1, 2007 Prospectus (Berke Supplemental Affirmation Attachment 1). These pages do not refer to Schroders plc activity in New York at all. To the contrary, they state "Training is provided by the [SIMNA] compliance department in the applicable jurisdiction, after consultation with Schroder plc's global compliance department *located in London.*" (italics added).

24. Mr. Berke's Supplemental Affirmation at ¶¶ 3-5 cites various documents to support the unremarkable proposition that SIMNA employees may receive part of a discretionary bonus in the form of Schroders plc stock (see Berke Supplemental Affirmation Attachments 2-4). These documents, however, confirm that SIMNA, not Schroders plc, determines and sets employee cash and stock compensation. Berke Supplemental Affirmation Attachment 3 (the Statement of Additional Information for the Vanguard Variable Insurance Funds) also confirms that SIMNA and Schroders plc are separate entities:

> Each of [SIMNA] and Schroder Investment Management North America Limited ("Schroder Limited"), 31 Gresham Street London EC2V 7QA, England, is an indirect wholly-owned subsidiary of Schroders plc, the ultimate parent of a large world-wide group of financial service companies (referred to as "The Schroder Group") with subsidiaries and branches and representative offices located in 27 countries. Schroders plc is a publicly owned holding company organized under the laws of England.

25. Mr. Berke's Supplemental Affirmation at ¶¶ 6-11 erroneously describes events that occurred in 2000 and 2004, long before and wholly unrelated to the allegations in this case.

Specifically, in 2000 a limited partnership known as Internet Finance Partners ("IFP") invested in a New York-based company and sold its investment in 2004. Contrary to Mr. Berke's suggestion, Schroders plc was not a partner in IFP at any time. The general partner in IFP was Schroders Incorporated, a Delaware corporation, administered in Bermuda. The sole limited partner related to the Schroders Group was Schroder Investments (Bermuda) Ltd. Schroders plc was not a signatory to any IFP partnership documents. Notably, all IFP corporate partners expressly consented in writing to the jurisdiction of New York courts for any dispute, because personal jurisdiction over them did not otherwise exist. Most important, as set forth above, Schroders plc reports the financial results of the Schroders Group on a consolidated basis. See Berke Supplemental Affirmation Attachment 5, 2004 Annual Report and Accounts at 1 ("Group profit before tax of…..Group net revenues were….The sale of the Group's U.S. small cap equity business…The Group's private equity profit increased…"). As a result, any gains to Schroders Incorporated or Schroder Investments (Bermuda) Ltd. were reported in the 2004 Annual Report and Accounts as part of that consolidation. Nothing about that financial reporting supports the notion the Schroders plc was a party to any IFP transaction in New York or anywhere else.

26.  Schroders plc owns Schroder Administration Limited (a UK corporation), which owns Schroder International Holdings Limited (a UK corporation) which indirectly owns Schroder Investments (Bermuda) Ltd. The latter has never had directors in common with Schroders plc.

27.  Schroder International Holding Limited also owns Schroder US Holdings Inc. (a US corporation), which owns Schroders Incorporated.

28.  SIMNA was not involved at all in any of the dealings with Mr. Küssner that led to Schroders Germany's offer of employment to him, and BlackRock has not alleged otherwise.

11

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Howard Trust

Date: 22 May 2007

400574404v1